# McMillan *v*. Nettles.

*Detinue.*

(Decided January 23, 1913.　60 South. 957.)

*Detinue; Intervention by Claimant; Verdict; Requisites.*— Where a third party intervened in detinue under section 3972, Code 1907, the provision as to the assessment of the value of the property must be complied with, (Section 6041) and a failure to do so necessitates a reversal when prejudicial, although on the trial of the right of property in a claim suit as a collateral proceeding, the issue is whether the property is subject to the writ, and the appropriate judgment is when found against the claimant, a judgment condemning the property as being subject to the writ.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Detinue by W. J. Nettles against N. J. McMillan in which H. E. McMillan intervenes as claimant.　Judgment for plaintiff, and intervenor appeals.　Reversed and remanded.

HYBART & HARE, for appellant.　The judgment is improper, in the first place, because the complaint or issue sets out no cause of action.—*St. Clair County v. Smith,* 112 Ala. 347; *Pullen v. Schimpf,* 109 Ala. 182. The burden is on plaintiff to show not only that the property belonged to defendant but that it was subject to the writ.—*Ross v. Hausen,* 105 Ala. 353.　Where a claimant intervenes in a detinue action the verdict must assess the value of the property under section 6041, Code 1907, else it will not sustain a judgment for plaintiff.—See citation to above section.

J. D. RATCLIFFE, and H. H. McCLELLAND, for appellee.　The only question in issue is the question of title between plaintiff and claimant, and the jury by their

verdict have said that the mule in suit is not the property of claimant, but is the property of defendant, and subject to the writ of detinue.—*White v. Sheffield T. Ry. Co.,* 90 Ala. 253; *Stinson v. Faircloth Byrd Co.,* 57 South. 143; *Lehman, Durr & Co. v. Warren,* 56 Ala. 535; *Massillon Co. v. Arnold,* 133 Ala. 368; *Petree v. Wilson, et al.,* 16 South. 143; *Seisel v. Folmar,* 15 South. 850.

PELHAM, J.—The appellee, as plaintiff in the suit, brought a statutory action of detinue against N. J. McMillan as defendant to recover a certain mule, and the wife of the defendant in the detinue suit, the appellant, H. E. McMillan, intervened as claimant and filed an affidavit and claim bond. Under direction of the court an issue was made up between the plaintiff in the detinue suit and the claimant to try the right of property. This trial resulted in the jury finding the issue against the claimant, and upon this verdict a judgment was entered condemning the property as subject to the writ in detinue. So far as informed by the record, the original action in detinue has not been tried. No evidence was offered, on the trial, of the market value of the mule, and the verdict of the jury was a finding in favor of the plaintiff without assessing the value of the property, and the judgment of condemnation of the property as subject to the writ in detinue following the verdict did not, of course, show any assessment or make any finding of the value of the property.

The appellant insists that the court was in error in refusing claimant's motion to exclude the evidence and direct a verdict in her behalf because the alternate value of the property was not shown, and that for the same reason the court erred in refusing the general charge requested in behalf of the claimant.

The case presented by this record is not under section 6051 of the Code, where the claimant is substituted for the original defendant pursuant to the provisions of that section, but is shown by the affidavit and bond in detinue, and the claim bond and affidavit and the issue formed, and judgment rendered, to be a proceeding under section 3792, notwithstanding certain loose statements in the bill of exceptions going to show that some abortive attempt was made to proceed under section 6051. The trial court appears to have proceeded upon the idea that the proceeding was under section 3792, although the condition of the record makes it somewhat difficult to gather from it upon what theory the court dealt with the case.

Section 3792 of the Code provides that "the same proceedings be had [in a collateral proceeding of this nature] as in other trials of the right of property." Looking to the provisions governing the proceedings in the statutory trial of the right of property made applicable to this claim suit, as a collateral proceeding to the original suit in detinue, and applying the requirements of section 6041, it is clear that the value of the property should have been assessed under the provisions of that statute. Such an assessment was essential to fix the amount to be paid in satisfaction of the bond and to relieve the claimant and the sureties on this forthcoming bond from further liability in case of the failure of the claimant to return the property, and the failure to assess such value cannot be said to be without prejudice. The amount of the plaintiff's judgment for which execution may issue under section 6042 would be undetermined if the value of the property was not assessed.

While, upon the trial of the right of chattels in a claim suit as a collateral proceeding growing out of a suit in which a writ of detinue has been levied, the issue

is whether the property is subject to the writ, and the appropriate judgment when found against the claimant is a judgment of condemnation condemning the property as subject to the writ, yet the provisions of section 6041 as to assessing the value of the property must nevertheless be complied with, and the failure to do so in a case, when prejudicial, will necessitate a reversal where the question was properly raised in the trial court and presented here.

The failure to assess the alternate value of the property necessitates a reversal of the case.

Reversed and remanded.