(107 So. 327)

GRAHAM v. FINCHER. (1 Div. 654.)

(Court of Appeals of Alabama.     Feb. 16, 1926.)

1. Detinue ⊂⇒18.

Plaintiff, in detinue to recover certain hogs, had burden of proof to show both ownership and alternate value of property, in view of Code 1923, § 7392.

2. Detinue ⊂⇒22—Refusal of defendant's request for general affirmative charge held error, where alternate value of property was not proved in suit in detinue (Code 1923, § 7392).

Where, in detinue to recover certain hogs, plaintiff failed to prove alternate value of hogs as required by Code 1923, § 7392, *held* reversible error for court to refuse general affirmative charge requested by defendant.

Appeal from Circuit Court, Mobile County; C. A. Grayson, Judge.

Action in detinue by Dick Fincher against Johnnie Graham. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Gordon & Edington, of Mobile, for appellant.

There was no evidence of value of the property sued for offered by plaintiff, and no proper verdict could be rendered by the jury. Code 1923, § 7392; Gerson v. Norman, 20 So. 453, 111 Ala. 433; Hensley v. Orendorff, 44 So. 869, 152 Ala. 605; Gwin v. Emerald Co., 78 So. 758, 201 Ala. 384.

Jere Austill, of Mobile, for appellee.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. Fincher, appellee here, brought his suit in detinue against Johnnie Graham, appellant, in the inferior civil court of Mobile, for the recovery of personal property, to wit, "six black hogs, one red hog, and one red and black speckled hog," alleged to be in the possession of Johnnie Graham. The officer executing the writ took said hogs into his possession, and the defendant executed his replevin bond and obtained the possession of said hogs. Upon the trial of said case in the inferior court of Mobile, a judgment was pronounced by said court in favor of the defendant, and from that judgment the plaintiff took an appeal to the circuit court. The trial there resulted in a judgment for the

---

plaintiff for the property sued for, viz. "five black hogs and one brown hog, or their alternate value, which the jury fixed at forty-eight ($48.00) dollars," and from said judgment Johnnie Graham prosecutes his appeal to this court.

[1, 2] Upon the trial of the case in the circuit court, there was evidence tending to show that the hogs sued for belonged to Fincher, the plaintiff, and there was also evidence tending to show that said hogs belonged to Graham, the defendant. There is no evidence in the record, which purports to contain all of the evidence offered upon the trial in the court below, that shows, or tends to show, the value of said hogs, either separately or in the aggregate. The defendant requested the general affirmative charge in writing which the trial court refused to give.

With reference to suits in detinue, section 7392 of the Code 1923, provides:

"Judgment against either party must be for the property sued for, or its alternate value, with damages for its detention to the time of trial."

The burden of proof was on the plaintiff to show not only that the hogs sued for belonged to him, but also the alternate value of said hogs. Two efforts were made by plaintiff to prove the alternate value of the property sued for, but such efforts to prove the value were fruitless. He absolutely failed to discharge the burden of proof placed upon him by law with respect to this feature of his case. In construing the above-quoted statute, the Supreme Court said:

"There was no evidence of such value of the property sued for offered by plaintiff or excluded by the court; hence no proper verdict could have been rendered by the jury for the plaintiff, nor judgment for him entered thereon by the court, as required by statute." Gwin v. Emerald Co., Inc., 78 So. 758, 759, 201 Ala. 384, 385.

We therefore hold and so adjudge that the trial court committed reversible error in refusing to the defendant the general affirmative charge requested by him.

The judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.