(112 So. 194)

## SCOTT et al. v. HOWARD. (7 Div. 731.)

(Supreme Court of Alabama. March 24, 1927.)

**1. Detinue ⊚⇒25—Judgment for plaintiff in detinue, not ascertaining alternate value of property in defendants' possession, held reversible (Code 1923, § 7382).**

Under Code 1923, § 7382, judgment for plaintiff in action of detinue, which did not ascertain or assess alternate value of property involved, will be reversed on appeal, where action was prosecuted without statutory affidavit or bond or the issuance of a writ of seizure, and complaint charged and defendants' plea of general issue admitted, that defendants were in possession.

**2. Detinue ⊚⇒26—Successful plaintiff in detinue is entitled to writ of distringas under which all defendants' property may be seized and held until property is produced (Code 1923, §§ 7395, 7396).**

Under Code 1923, §§ 7395, 7396, plaintiff recovering judgment in action of detinue for specific property is entitled, if judgment is affirmed, to a writ of distringas or attachment, under which, if property described cannot be produced by defendants, all defendants' property, real and personal, may be seized and held until every article of property recovered in the judgment is produced for delivery to plaintiff, without right to discharge their liability by paying the alternate value of articles which they are unable to produce.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Action in detinue by Mary Howard against Alti Lee Scott and Iva Scott. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Rutherford Lapsley and Longshore & Longshore, all of Anniston, for appellants.

Verdict and judgment in detinue will, on appeal, be held erroneous for failing to show alternate value of the property, assessed by the jury. Code 1923, § 7392; Crews v. Parish, 21 Ala. App. 80, 105 So. 430; Jernigan v. Willoughby, 159 Ala. 650, 48 So. 812.

S. W. Tate, of Anniston, for appellee.

Where the successful party is in possession of the property, there is no necessity for assessing the value. Jones v. Pullen, 66 Ala. 306; 23 Cyc. 860. In the absence of evidence on the subject, it will be presumed that the property was in the hands of the plaintiff. Dykes v. Clarke, 98 Ala. 657, 13 So. 690; Carter v. Smith, 151 Ala. 610, 44 So. 424.

BROWN, J. The decisions of this court are uniform in holding that a judgment in the action of detinue or the corresponding statutory action, which does not ascertain and assess the alternate value of the property involved in accordance with the prescription of the statute, is erroneous, and subject to be reversed on appeal. Code of 1923, § 7382; 3 Brick. Digest, 308, § 40; Averett v. Milner, 75 Ala. 505; Gwin v. Emerald Co., 201 Ala. 384, 78 So. 758; Jones v. Anderson, 76 Ala. 427; Southern Warehouse Co. v. Johnson, 85 Ala. 178, 4 So. 643.

Some of the cases hold that, where it appears that the property sued for was in the possession of the prevailing party at the time of the trial, the error is not available to the losing party for a reversal, because it is without injury to him. Dykes v. Clarke, 98 Ala. 657, 13 So. 690; Jones v. Pullen, 66 Ala. 306. And to this same effect we find a dictum in Finney v. Dryden, 214 Ala. 370, 108 So. 13, cited by appellee, who now insists that the rule of error without injury should be applied in this case.

[1, 2] The judgment here was for the plaintiff, for the property sued for, consisting of several specifically, separately described articles of property, without an ascertainment of the alternate value, either in the verdict or judgment, and the record shows that the action was prosecuted without the statutory affidavit or bond or the issuance of a writ of seizure. The complaint charges, and the defendants' plea of the general issue admits, that the defendants were in possession, and the effect of the judgment is an affirmation of the charge made in the complaint. Under this judgment, if affirmed, the plaintiff is entitled to a writ of distringas or an attachment under which, if the property described cannot be produced by the defendants, all property of the defendants, both real and personal, may be seized and held until each and every article of the property recovered in the judgment is produced for delivery to the plaintiff, without the right to discharge their liability by paying the alternate value of the articles which they are not able to produce. Code of 1923, §§ 7395, 7396; Ex parte Vaughan, 168 Ala. 187, 53 So. 270. In the face of this record it cannot be assumed that the property was, at the time of the rendition of the judgment, in the hands of the plaintiff. The foregoing reasons preclude the application of the doctrine of error without injury.

The other questions discussed are presented by joint assignments of error, and, if error intervened as to them, they were only prejudicial as to one of the appellants. Shortridge v. Southern Mineral Land Co., 186 Ala. 660, 65 So. 354.

For the error pointed out, the judgment is reversed.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes