147 So. 144

### INTERNATIONAL HARVESTER CO. OF AMERICA v. PITTMAN et al.

I Div. 763.

Supreme Court of Alabama.

March 23, 1933.

London, Yancey & Brower and Al. G. Rives, all of Birmingham, for appellant.

Adams & Gilmore, of Grove Hill, for appellees.

BOULDIN, Justice.

In action of detinue founded upon a chattel mortgage, which is in default, a voluntary promise, without consideration, to postpone the date for surrendering the property to the mortgagee, presents no defense.

No new demand for delivery before the postponed date in such case is necessary. The want of such demand might be considered by the trial court in awarding costs, and no damages for detention prior to suit filed should be awarded. Black v. Slocumb Mule Co., 8 Ala. App. 440, 62 So. 308; 11 C. J. p. 557, § 255.

A contract postponing the date when the mortgagee is entitled to possession, founded upon a valuable consideration, is binding as other contracts.

There appears no dispute between the parties that negotiations were entered into looking to a surrender of the truck sued for on Saturday following such negotiations, the mortgagor to part with all title and claim thereto, reserving the homemade body thereon; the price allowed being fixed in connection with other less valuable trucks in like situation.

Plaintiff's contention is this agreement was never consummated; that while negotiations were still pending, a Mr. Williams, having an interest in the transaction, interposed objection to the retention of the truck body, and thereupon negotiations were called off, and notice given that the law must take its course.

Defendants' evidence, however, tends to show the contract was fully consummated by written agreement and release signed by the mortgagor and accepted by the mortgagee; and, thereafter, on objection of Mr. Williams, the mortgagee undertook to call negotiations off.

Thus was presented an issue of fact for the trial judge, sitting without a jury. This evidence supports a finding that, for a valuable consideration, the mortgagee agreed that defendants have the use of the truck until the following Saturday, and might remove and retain the body.

The suit, begun Thursday, the same day of the agreement, was, in such event, prema-ture, the plaintiff having no present right to possession.

The plaintiff gave a replevin or forthcoming bond in detinue under Code, § 7391, and was in possession of the property at the time of the trial.

The trial judge merely found for defendants and rendered judgment against plaintiff for costs of the suit.

Plaintiff, appellant here, assigns as error the failure of the trial court to assess the value of the property sued for, each item separately, as required by Code, § 7392.

Under this section, when the property is in possession of plaintiff under bond, and the issues are found for defendant, judgment is to be rendered in favor of defendant for the property sued for, or its alternate value, with damages for detention, if any proven.

Here there was no judgment rendered against the plaintiff for the property sued for, nor its alternate value.

The reason, we take it, is found in the nature of the defense itself.

The defense was rested upon a contract giving a right to retain possession for two days, after which, by the contract which the court was asked to give force and effect, the right of possession was to be and is in the plaintiff. Finding in keeping with such defense, the failure to render judgment against plaintiff for the property sued for, or its alternate value, was favorable to plaintiff—appellant. As pointed out in Scott v. Howard, 215 Ala. 590, 112 So. 194, when a judgment is rendered against either party, who, at the time has possession of the property, the failure to assess the alternate value is error of which such losing party can complain, because of the remedy by distringas given by Code, §§ 7395, 7396.

But where, as here, there is no judgment in favor of defendant for the property sued for, nor any part of it, of which he does not complain by appeal, no injury can result to plaintiff for failure to assess alternate values. Kirkland v. Eford, 205 Ala. 72, 87 So. 364.

We may add that the bond given under Code, § 7391, is not breached for failure to deliver the property to defendant, unless there is a judgment in favor of defendant for the property as per section 7392. The two sections are part of one system of procedure.

We conclude the plaintiff suffered no injury for failure to assess the value of the property.

As we construe the judgment, the trial court merely taxed plaintiff with costs of suit because there was no unlawful detention, and under the defense set up, no judgment was rendered looking to a return of the property

to defendants, or payment of its alternate value.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.