153 So. 861

## DOBSON v. NEIGHBORS.
### 5 Div. 167.

Supreme Court of Alabama.
March 29, 1934.

Pruet & Glass, of Ashland, for appellant.

Holley & Milner, of Wetumpka, for appellee.

FOSTER, Justice.

This is an action of detinue by appellee against appellant for the recovery of certain securities belonging to the estate of R. M. Dobson, deceased. Plaintiff styles himself as special administrator of the estate of R. M. Dobson, deceased.

Other than a plea in abatement, as to which no question is here raised, the only plea is shown by the judgment entry, in which it is stated that defendant pleads the general issue. It is not asserted there, or elsewhere, in pleading that issue that defendant had leave granted by consent of plaintiff to introduce evidence of any matter which could be specially pleaded. When the general issue is pleaded in an action of this sort, and no such leave is granted, and there is no special plea denying the existence of the representative capacity, in which plaintiff sues, no issue is thereby made requiring proof of that relation. Alabama Clay Products Co. v. Mathews, 220 Ala. 549, 126 So. 869; Hicks v. Biddle, 218 Ala. 2, 117 So. 688; Espalla v. Richard, 94 Ala. 159, 10 So. 137; L. & N. R. R. Co. v. Trammell, 93 Ala. 350, 9 So. 870.

This suit was tried by the court without the intervention of a jury. No error occurred in rendering judgment resulting from a failure to prove that plaintiff was in fact the special administrator of the estate as the complaint alleged. A special administrator is authorized by law to maintain adversary suits at law or in equity for the recovery of assets of the estate. Section 5749, Code; Ex parte Wadsworth, 217 Ala. 567, 117 So. 178.

The evidence showed that the securities were owned by the estate of R. M. Dobson, deceased, and were in the possession of defendant, who produced them in court, and they became a part of the evidence on the trial. There was nothing lacking therefore in the proof of plaintiff's right to a judgment.

Appellant insists that there was reversible error in the failure to assess the alternate value of the securities as provided by section 7392, Code. This suit was begun without the statutory affidavit by plaintiff, and without the execution of bond and the issuance of a writ of seizure. But it has been held that section 7392, Code, has application to such a suit. Scott v. Howard, 215 Ala. 590, 112 So. 194; International Harvester Co. v. Pittman, 226 Ala. 355, 147 So. 144.

It was pointed out that when plaintiff recovers a judgment in detinue for property in possession of defendant, plaintiff may have a writ of distringas or an attachment to secure its restoration. Section 7395, Code. And the form of that writ is provided in section 7396, to be such as that, if the property may not be had, all the real and personal property of defendant shall be seized and held until it is delivered, or the alternate value be paid.

Without the ascertainment of the alternate value, serious and improper loss may result to defendant when he is unable to deliver the property so recovered. But the defendant in possession is not due to have the judgment reversed for the failure to comply with the statute, if the record affirmatively shows that no injury could or did result to him by reason of that failure. International Harvester Co. v. Pittman, supra; Kirkland v. Eford, 205 Ala. 72, 87 So. 364; Dykes v. Clarke, 98 Ala. 657, 13 So. 690; Jones v. Pullen, 66 Ala. 306.

In this case all the securities for which judgment was rendered were produced in court by defendant as a witness for plaintiff, and were introduced in evidence by plaintiff. This had the effect of placing them in the manual custody and control of the court, and were present in open court, and in its possession at the time of the rendition of the judgment. Defendant had no right to withdraw them and place himself in position where he could not deliver them in compliance with the judgment.

The appeal did not supersede the judgment, nor prevent the immediate delivery of the securities to plaintiff, pursuant to the judgment. We cannot presume that this was not done, but that defendant secured their return from the court contrary to its judgment, when no supersedeas bond was given, in order to find that the judgment was prejudicial to defendant in respect to the assessment of alternate values.

Appellant could not have been prejudiced by the failure to assess the alternate value of the securities. We cannot agree with him that there was reversible error shown in the record.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.