176 So. 318

## MACKEY et al. v. HALL AUTO CO.

### 7 Div. 319.

Court of Appeals of Alabama.

Oct. 5, 1937.

Savage & Savage, of Center, for appellants.

Reed & Reed, of Center, for appellee.

SAMFORD, Judge.

The original suit was in statutory detinue under chapter 282 of the Code of 1923 (section 7389 et seq.), and was brought by the plaintiff against J. A. C. Mackey and R. H. Mackey as defendants, claiming specific personal property, to wit, 250 bushels of corn, 5 bales of lint cotton, 2,000 pounds of cotton in the seed, 2 tons cotton seed, and 2 tons of hay, with the value of the hire or use thereof during its deten-tion, to wit, from the 15th day of October, 1934. The sheriff's return discloses a levy on 275 bushels of corn, 1 ton of cotton seed, and 1½ tons of hay.

The claimant in this suit filed a claim bond under the statute, which claims 275 bushels of corn, 1 ton of cotton seed, and 1½ tons of hay, and under this bond the property was delivered to her (claimant).

When the case was called for trial, the defendants, J. A. C. and R. H. Mackey, filed a disclaimer of title, which plea was properly sworn to.

There was jury and verdict in favor of the plaintiff for the property sued for, to wit, 275 bushels of corn at $1.20 per bushel; 2,000 pounds of cotton seed at $35 per ton; and 3,000 pounds of hay at $10 per ton.

It is recited in the bill of exceptions that the issues made up by the parties were as follows: "The defendants filed their disclaimer, on which plaintiff took issue, and Mrs. Mary D. Mackey having filed claim affidavit and bond for the property seized, the whole matters and issues, both that of the ownership of the property under the claim suit, or otherwise, were by agreement of the parties tried together and before the same jury and jury and verdict in favor of the plaintiff and against the defendants and claimants for the property sued for, and its value duly assessed."

Under our system and the former decisions of the Supreme Court and this court, parties to civil law suits may litigate their differences under very informal proceedings, and, when agreed to and tried before the court, appellate courts will not be so technical as to reverse the judgments of the trial court on account of a failure of the trial judge to conform to the technical rules applicable in cases which have been litigated according to the forms laid down and prescribed.

Taking this entire record, and considering it in the somewhat informal way in which it was tried in the circuit court, we reach the conclusion that the real issues involved were as to whether or not title to the crops on the lands of J. A. C. Mackey, raised during the year 1934, was either in J. A. C. Mackey or R. H. Mackey, or in the name of the wife, Mrs. Mary D. Mackey.

The two Mackeys, father and son, executed a mortgage covering the crops for 1934 in favor of the plaintiff. This mortgage was, in effect, a renewal by a series of

mortgages theretofore given in extension of a mortgage executed by the two Mackeys, father and son, in 1929, and which, for various reasons, was extended for several years up to and including the year 1934.

The Mackeys, father, son, and wife, were all living together on the land, the title to which was, and still is, in J. A. C. Mackey. The business dealings of the farm, as it relates to contracts with the federal government and the ginning of the cotton, were all carried on in the name of J. A. C. Mackey. There was some evidence that the husband had turned over the farm to his wife, but, if he had done this, it was not in writing and rested entirely upon the testimony of the husband, son, and wife. They being parties standing in confidential relation with each other, their testimony should be closely scrutinized.

There was much testimony given in the case and many exceptions reserved thereto, not necessary to be passed upon on this appeal, in view of rulings which appear hereafter in this decision.

1. In the present action, the burden rests on the plaintiff to show that at the time of the commencement of the action it had a mortgage on the goods sued for, the right of an immediate possession, and that the defendants had possession. In other words, the plaintiff claims under a mortgage dated January 1, 1934, and he therefore must prove the execution of the mortgage by the defendants, J. A. C. Mackey and R. H. Mackey, that the corn, cotton seed, and hay levied on by the sheriff, and included in his return, were grown by either the one or the other during the year 1934, on lands owned by either the one or the other, or, of which they were possessed, at the time of its execution; and that such mortgage was in default.

Without this proof the plaintiff would in no event be entitled to recover. Ryall v. Pearsall Bros., 148 Ala. 668, 41 So. 673; French Piano Co. v. Bradley, 138 Ala. 177, 35 So. 44.

2. Under section 7392 of the Code of 1923, the jury must, if they find for the plaintiff, assess the value of each article separately, if practicable, and the burden of furnishing proof of this value rests upon the plaintiff. Where the plaintiff fails to prove the alternate value required by the above section, it is held to be reversible error for the trial court to refuse the general affirmative charge requested by the

defendant. Graham v. Fincher, 21 Ala.App. 276, 107 So. 327; Gwin v. Emerald Co., 201 Ala. 384, 78 So. 758; Cable Piano Co. v. Estes, 206 Ala. 95, 89 So. 372; Sykes v. Wood, 206 Ala. 534, 91 So. 320.

In the instant case there was no legal evidence as to the value of the cotton seed and hay. That being the case, the verdict of the jury fixing a value of these two articles was unauthorized.

3. The complaint in the case only claimed 250 bushels of corn, while the verdict of the jury was for 275 bushels of corn. A plaintiff cannot be permitted to recover of a defendant more than he claims, and, for this reason, the court should either have corrected the verdict at the time or should have granted the defendants' motion to set aside the verdict of the jury.

4. There are forty-three assignments of error; all of these, with the exceptions of those challenging the correctness of the verdict, relate to rulings of the court upon the admission of evidence. As to those assignments relating to the correctness of the verdict, we have already ruled and held that the verdict should have been set aside for the irregularities and errors pointed out.

As to the other assignments of error relating to the admission of testimony, we do not deem it necessary to consider them separately. Many of these assignments are entirely without merit, and, if there should be found technical error in any of the rulings, the informal and loose way in which this trial was conducted would render such errors free from such prejudicial influences as to authorize a reversal.

The mortgage made the basis of plaintiff's claim to title and right of possession, being an instrument, under seal, expressing a valuable consideration, describing the property, and signed by defendants, J. A. C. and R. H. Mackey, would justify a recovery by the plaintiff, provided the property levied upon was properly identified and its value assessed according to the requirements of the statute. In making this latter proof, evidence of ownership of the land, that J. A. C. Mackey was the father and head of the family, that he entered into negotiations for renting the land to the federal government, that the crops raised on the land were worked by the family, who were all living under one roof, that, when the cotton was gathered, the father carried it to the gin, that it was ginned in his name, and that, after the gin receipts

were issued to him, such receipts were, after the beginning of this suit, at his request, changed so as to appear to have been given to his wife, is all evidence relevant to the issues involved in this case and to be considered by the jury.

On the other hand, any evidence which tended to prove that the entire farm and its operation had been turned over to Mary D. Mackey, the wife, and that she was in deed and in fact the head of the family carrying on the business and making contracts relative thereto, is admissible as tending to divest the title to the crops out of the real owner of the land and into herself.

In dealing with the latter testimony, the court should bear in mind that the jury must weigh such testimony in the light of the confidential relationship between husband, wife and son.

After reading this entire record, we are of the opinion that the case should be retried, and, for the errors hereinabove pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.