7 So.2d 762

### SAULS v. HAND.

### 8 Div. 146.

Supreme Court of Alabama.

April 23, 1942.

H. G. Bailey, of Boaz, for appellant.

Murphy & Burns, of Gadsden, for appellee.

BOULDIN, Justice.

Appellee sued appellant in detinue to recover possession of an original real estate mortgage executed to plaintiff by defendant. Admittedly, the document was in the possession of defendant when suit brought.

Defendant claimed he had paid the mortgage debt; that, thereupon the mortgage was indorsed paid in full by plaintiff, and surrendered to defendant.

Plaintiff claimed the mortgage debt, and no part of it, had been paid; that possession of the instrument had been obtained by defendant without plaintiff's knowledge or consent, and the indorsements of satisfaction, three of them, two purporting to be signed by plaintiff, were in no respect genuine.

■■ This was the issue of fact in the case. The evidence was in sharp conflict. The trial was had before the trial judge without a jury on oral testimony of witnesses in court. His finding for the plaintiff is to be reveiwed with all the presumptions indulged in favor of the verdict of a jury. Without a detailed discussion of the evidence, we hold there is no good ground to disturb his finding. It is fully supported by the evidence, direct and circumstantial.

■ A witness, having knowledge of the fact, may testify to the ownership of a chattel. There was no error in overruling objection to the question: "Does this mortgage belong to you, Mr. Hand?" Rasco v. Jefferson, 142 Ala. 705, 38 So. 246.

There was no dispute as to its ownership, if still unpaid.

■■ The brother of defendant, having testified that he loaned defendant $1,000 in currency to be used in taking up the mortgage, it was permissible to inquire on cross-examination: "How much property is in your name?" The answer, "120 acres" was without injury to defendant. The mortgage was dated December 19,. 1939, principal debt $952, payable $100 December 1, 1940, and $100 annually thereafter until paid. Interest from date at 8% on unpaid balance.

One indorsement of satisfaction read: "Paid in full 1020.16, August 19, 1940," being eight months from date of mortgage. An alleged receipt of same date for the same amount was in evidence. Its execution was denied by plaintiff.

Defendant testified that plaintiff calculated the amount of interest, and he paid the amount calculated $1,020.16. On cross-examination defendant said: "I would have to figure up how much was 8% interest on $952.00." Plaintiff then asked: "Suppose you figure it up for us." Objection being overruled, defendant made the following calculation, which was admitted in evidence over defendant's objection:

$$952.00 \times 8 = 52.1600$$

Defendant further testified: "Mr. Hand had the interest figured out, and I figured it out, and we had the same figures and I paid it."

■ It was within the discretion of the trial court under the circumstances to permit this test of defendant's ability to calculate the interest due at the time of the alleged payment, and to admit the result of his effort. 70 C.J. 488, § 658, 489, § 660.

■ No writ of seizure was sued out. No statutory bond was given on seizure of property in detinue. The trial court failed to assess the alternative value as per Title 7, § 921, Code of 1940. If such suit were for an ordinary chattel, still in the possession of defendant, non-compliance with this statute would be reversible error. Scott et al. v. Howard, 215 Ala. 590, 112 So. 194.

But where there is no occasion for assessment of value, for example, where the property is in possession of the successful party when judgment rendered, the losing party suffers no injury by failure to assess alternate value. See Annotation Title 7, p. 783, Code of 1940.

 The above statute is to be construed in connection with other provisions of the Detinue Law. If the property be in possession of the officer seizing it on writ of seizure, he must deliver same to the successful party. The successful party is entitled to the specific property sued for, if to be had. Title 7, § 922, Code of 1940. The statute does not clothe an unsuccessful defendant with a right to keep the property, and pay the alternate value instead. Ex parte Vaughan, 168 Ala. 187, 53 So. 270; 26 C. J.S., Detinue, § 22, p. 1284.

The instant case presents a different situation from Scott et al. v. Howard, supra.

The original mortgage was offered in evidence on the trial. By order of the trial judge it was sent up as an original document for our inspection, and is now in this court as part of the record on appeal.

By statute, when the cause is finally decided in this court, such document, upon application of either party, is to be returned to the trial court. Title 7, § 749, Code of 1940.

 This statute contemplates that on final disposition of a cause, original documents of value to the owner shall be delivered to him. Here such document is the article sued for. The purpose of the suit is to determine who is entitled to its possession. This is now adjudged to be the plaintiff. The clerk of the circuit court, on a return of the document to him, should deliver it to plaintiff or his counsel in keeping with the judgment of the court. Defendant, appellant here, can suffer no injury. He is not entitled to possession of the document until the mortgage debt is paid. This he can do the same as if the mortgage had all the while been in possession of plaintiff, who is, and has been entitled to possession of the instrument until the debt is paid.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.