49 So.2d 273

## UNIVERSAL C. I. T. CREDIT CORP. v. PHENIX–GIRARD BANK.

### 4 Div. 585.

Supreme Court of Alabama.

Oct. 12, 1950.

Rehearing Denied Dec. 14, 1950.

Patterson & Patterson, of Phenix City, and John P. Kohn, of Montgomery, for appellant.

Smith & Smith, of Phenix City, for appellee.

SIMPSON, Justice.

Appellee, Phenix-Girard Bank, sued P. E. Blackwell and others in detinue for the recovery of a school bus. Appellant, Universal C. I. T. Credit Corporation, interposed its claim to the property under the provisions of § 932, Title 7, Code 1940. On the trial the jury returned this verdict: "We, the Jury, find in favor of the Plaintiff, the Phenix-Girard Bank." The judgment on this verdict was: "It is therefore Considered, Ordered, Adjudged and Decreed by the Court that the Plaintiff is the owner of and entitled to the possession of the property levied upon by the Sheriff and claimed by the Claimant in said case, to-wit: One 42 Passenger Reo Safety School Bus, Unit Model 119L-43, Body No. 2244, and the same is hereby awarded to said Phenix-Girard Bank, Plaintiff in said case, together with the cost in this behalf expended, for which let execution issue."

From this judgment claimant appealed.

Assignments of error to the effect that the verdict and judgment are irregular and erroneous, in that no alternate value has been set for the property, are well taken and must be sustained. The proceeding under § 932, Title 7, Code 1940, is referable to §§ 921, 1170, Title 7, requiring that the alternate value of the property be assessed by the jury. It has been held that a failure to so assess the alternate value, when prejudicial, necessitates a reversal. McMillan v. Nettles, 7 Ala.App. 416, 60 So. 957; Pocahontas Graphite Co. v. Minerals Separations N. A. Corp., 215 Ala. 225, 109 So. 873; Birmingham News Co. v. Barron G. Collier, Inc., 212 Ala. 655, 103 So. 839. In this case plaintiff claimed under a mortgage and claimant upon a conditional sale contract of which it was transferee. Assessment of alternate value of the property was essential to fix the amount to be paid in satisfaction of claimant's bond. Error in the verdict and judgment thus clearly appears, and reversal upon that ground must be here entered.

The record before us presents a state of facts somewhat intricate and complicated. Numerous objections were made to the introduction of the evidence, and exceptions reserved to the rulings thereon. Some thirty-five errors are assigned, and are insisted upon in brief for appellant. In view of the reversal on the ground stated, and another hereinafter to be noticed, it becomes unnecessary to treat other assignments of error in detail; the matters complained of will probably not arise on another trial.

It appears that P. E. Blackwell chiefly owned and operated two corporations, the one the Reo Truck Sales & Service, Inc., and the other Dixie Coach Lines, Inc. On December 20, 1948, Reo Truck Sales & Service sold to P. E. Blackwell a school bus described in the bill of sale by motor and serial numbers, for a recited cash consideration of $4,217. On the same date Blackwell obtained a loan from Phenix-Girard Bank of $2,520, and as security therefor executed to the bank a mortgage on said school bus, as thus described. On the same date this mortgage was filed and recorded in the office of the judge of probate of the county. Blackwell put the bus

into operation as a passenger carrier, under the name of Dixie Coach Lines. On March 3, 1949, the plaintiff bank instituted its suit in detinue, executing statutory affidavit and bond. On the day following, the claimant filed its claim affidavit and bond, obtaining possession of the property. Thereafter, on April 7, 1949, defendants filed a plea of the general issue, but made no further appearance or participation in the proceeding.

The claimant relies upon a contract of conditional sale, dated January 28, 1949, between Blackwell and Reo Truck Sales & Service, Inc., covering a school bus described by motor and serial numbers. These numbers are entirely different from the numbered designations employed in the bill of sale dated December 20, 1948, and in the plaintiff's mortgage. This contract of conditional sales secured a purchase money balance of $2,787. It was signed "P. E. Blackwell, Customer." On the date of its execution, this contract was transferred and assigned to the claimant, the transfer being signed "Reo Truck Sales & Service, Inc., by P. E. Blackwell, President."

The sole issue involved in the case is the identity of the vehicle; that is to say, is the vehicle which was levied upon and is now in custody the identical vehicle which is described in plaintiff's mortgage? Plaintiff's theory was and is that there was but one vehicle, and its evidence tended to show that the difference between the numerical designations employed in its mortgage and those actually appearing on the motor and body of the vehicle in custody is due to the fact that the original motor had been removed and another motor (with a different number) installed in its stead, and to the further fact that there had been a factory change of serial numbers on the bus. While plaintiff's evidence tended to show that at the time of the transaction with the bank the bus was being used by the Dixie Coach Lines and was pointed out to the bank's representative as the bus covered by the mortgage, it is also shown that the bank's representative did not examine the motor and serial numbers of the bus. It may be observed that the plaintiff's complaint in detinue describes the bus by its present motor and serial numbers and adds "formerly numbers" so and so, inserting the numbers employed in its mortgage.

Claimant's theory was and is that during the year 1948, in which plaintiff's mortgage was made, Reo Truck Sales & Service, Inc., had in its possession two school busses, both of the same general model and specifications and of the same color; that they were held by the distributor under consignment by the manufacturer; that one of these busses was returned to the manufacturer and the other retained by the distributor; that the bus returned to the factory is the bus described in plaintiff's mortgage; and that the bus retained is the one described in claimant's assignment and the one now in custody.

Evidence for claimant tends to show that the motor and serial numbers employed in the contract of conditional sale, assigned to claimant, are the same numbers appearing on the manufacturer's invoice to Reo Truck Sales & Service—which, as we have indicated, differ from the numbers appearing in the plaintiff's mortgage. Claimant's evidence, like that for the plaintiff, tends to show a substitution of motors and a change of serial numbers on the bus in custody.

It sufficiently appears from the evidence, we think, that Reo Truck Sales & Service did have, at different times during the year in question, two school busses, one of which was returned to the factory. In order to establish its contention that the motor and serial numbers of the bus returned are identical with the numbers appearing in plaintiff's mortgage, claimant offered in evidence certain correspondence —letters and copies of letters—between the claimant's agent and the manufacturer of the bus or busses. From this correspondence it would appear that the school bus described in the conditional sale contract, by its original motor and serial numbers, was the bus actually sold by the manufacturer to Reo Truck Sales & Service and paid for by the latter; and that the school bus described in the plaintiff's mortgage by its original motor and serial numbers was the bus which was returned by Reo Truck

Sales & Service to the manufacturer and which was subsequently sold by the manufacturer to a customer in Pennsylvania and is now being operated in that state. While this correspondence appears in the record before us, the trial court sustained objection to its admission in evidence and excluded it from the jury. This action of the trial court is assigned as error. The contention is untenable. These letters, with which the plaintiff had no connection whatever, and by which it could in no wise be bound, were mere hearsay and were properly disallowed. Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 7 A.L.R.2d 773.

In view of the reversal on other grounds, we pretermit consideration of other rulings relating to the facts sought to be proved by this correspondence since, on a re-trial, appellant will have an opportunity to offer legal evidence if it so desires.

From the whole record before us, it would seem that the trial court entertained and gave effect to a misconception of the true nature of the proceeding and the issues involved. If the court "framed" the issues to be tried in this proceeding, Code, Title 7, § 1169, it does not appear from the record. We deem it appropriate to call attention to the fact that the procedure in proceedings under Title 7, § 932, Code 1940, is that prescribed by statute for the trial of the right of property, Title 7, § 1168 et seq., Code.

■ By its oral charge the court instructed the jury, in effect, (1) that plaintiff discharged its burden of making out a prima facie case when it showed that the bus was in possession of the defendant at the time the levy was made; (2) that when two written instruments are made, the one that is recorded first takes precedence over the one that is recorded later; and (3) that if the jury believed the property sued for was in the hands of defendant and he was the owner of it, the jury should find against the claimant, etc.

In these instances the court, inadvertently perhaps, misstated the law applicable to the issues on trial. As we have stated above, the issue was one of identity. Plaintiff's right of recovery did not hinge alone upon defendant's ownership of the property at the time of the levy, but also upon whether the property levied upon was the property covered by its mortgage. Whether or not the recording of plaintiff's mortgage constituted notice to claimant as a subsequent purchaser or lienor, depended upon whether or not the mortgage as recorded described the identical property taken by assignment by the claimant. It was, therefore, error for the court to charge the jury in the terms indicated.

The whole case considered, the ends of justice require a retrial.

Reversed and remanded.

BROWN, LIVINGSTON, and LAWSON, JJ., concur.

### On Rehearing.

PER CURIAM.

The burden of appellee's application for rehearing is, in effect, that appellee (plaintiff below) was entitled to recover, all other questions aside, for the reason that at the time the defendant corporation, Reo Truck Sales & Service, Inc., sold the truck to A. E. Blackwell on a contract of conditional sale, and thereupon transferred said contract to the appellant (claimant below), said Reo Truck Sales & Service had ceased to exist as a corporation and could, therefore, convey no title to the property or, more specifically, vest any title in the appellant by way of such transfer and assignment. Appellant, on the other hand, contends that the trial court erred in admitting evidence that said corporation was dissolved on the day preceding the transaction culminating in the transfer and assignment of the contract to appellant; this for the reason that the corporation, although it had been dissolved, remained legally capacitated to perform such a transaction, in view of the statute vesting a dissolved corporation with power to settle its affairs, disposing of its properties, for a period of five years. Code 1940, Tit. 10, § 110.

On original consideration of this case, we concluded that the real issue in controversy was the identity of the bus covered by appellee's mortgage and appellant's as-

signed contract of conditional sale. We thought then, and are of the opinion still, that the question now posed was without influence upon the solution of the material issue on trial. If there was but one bus, if it was properly described in appellee's mortgage, if the mortgage was properly and seasonably filed for record, and nothing intervened to obviate the constructive notice to appellant as a result of its recording, then appellee was entitled to recover, irrespective of the validity *vel non* of the transfer and assignment made by or for the dissolved corporation. If there were in fact two busses—if appellee's mortgage covered a vehicle different from that covered by appellant's assigned contract—then in that event the appellee could in no wise have been aided or affected by the fact, if so, that the attempted sale or transfer to appellant was void.

Nevertheless, in view of the fact that the question of the effect of the dissolution of the defendant corporation may be injected into the case on a retrial, we proceed to a consideration of that question.

 Under the statute a corporation may be dissolved by agreement of the stockholders to that end, and is effected by the execution of such an agreement, certified by the proper officers, and filed for record in the office of the probate judge of the county where the corporation was organized. Code 1940, Tit. 10, § 104. Apparently the defendant corporation was effectively dissolved under the provisions of this statute, on January 27, 1948, the day preceding the purported sale of the bus to its president, as an individual, and the transfer and assignment to appellant of the contract of conditional sale. But a corporation continues to exist, for certain purposes, for a period of five years after its dissolution. Among such purposes is the settling of its business and disposition of its property. Code 1940, Tit. 10, § 110. That such a corporation may, by following the procedure laid out in the statute, supra, dispose of its property, may sell an item of personal property, is too clear for argument. Such a sale per se is not "for the purpose of continuing" the corporate business. On the other hand, corporate officers are under duty to settle the dissolved corporation's affairs, included in which is the sale of the corporate property. Cohen v. Pavlik, 235 Ala. 289, 178 So. 435; Pankey v. Lippman, 187 Ala. 199, 65 So. 771, among other cases which might be cited.

 Thus, we conclude that, compliance with the statute having been met, the transaction between the defendant corporation, or its alter ego, with appellant was valid. It follows that evidence with respect to dissolution of Reo Truck Sales & Service, Inc., was erroneously admitted over claimant's objection.

The application for rehearing is overruled.

Rehearing overruled.

BROWN, LIVINGSTON, LAWSON and SIMPSON, JJ. concur.