93 So.2d 161

Van P. BEAVERS

v.

Arthur HARRIS.

I Div. 685.

Supreme Court of Alabama.

Dec. 21, 1956.

Rehearing Denied Feb. 28, 1957.

C. LeNoir Thompson, Bay Minette, for appellant.

Jas. R. Owen, Bay Minette, for appellee.

SIMPSON, Justice.

This is an appeal from a judgment for the defendant in a statutory action of detinue. The suit was before the court, without a jury, for the recovery of a certain 14½ foot inboard motorboat.

Appellee's motion to strike the appellant's brief for non-compliance with rules 9 and 11 of the Revised Rules of the Supreme Court, Code of 1940, Tit. 7 Appendix, will first be considered. Rule 11 requires that the briefs be signed by the party or his attorney and that a certificate of service be signed in the same manner. The appellant's brief, as it appears before us at this time, complies with the rule.

With respect to compliance with rule 9, we must say that the appellant's brief is rather inexpertly drawn. But we are inclined to exercise our discretion in the matter and give consideration to it. Wood v. Wood, 263 Ala. 384, 82 So.2d 556; Quinn v. Hannon, 262 Ala. 630, 80 So.2d 239; Schmale v. Bolte, 255 Ala. 115, 50 So.2d 262; Simmons v. Cochran, 252 Ala. 461, 41 So.2d 579.

The substantial import of appellant's assignments of error and argument in brief is that the judgment of the trial court was contrary to the great weight of the evidence. When, as here, testimony is taken ore tenus before the trial court, we review the case under the well known rule of presumption and will not disturb the finding below unless plainly and palpably wrong or contrary to the great weight of

the evidence. Pritchett v. Wade, 261 Ala. 156, 73 So.2d 533; Halman v. Bullard, 261 Ala. 115, 73 So.2d 351; Sparkman v. Williams, 260 Ala. 472, 71 So.2d 274. As we see it, the judgment in the instant case is plainly and palpably wrong and against the great weight of the evidence.

A brief summary of the plaintiff's evidence shows the following: The plaintiff purchased the motorboat in question in his own name on August 26, 1954, which was some two years after his divorce from his former wife, Emma Lou Beavers. The plaintiff and his ex-wife were on friendly terms but she was not a party to the purchase of the boat. The plaintiff gave Emma Lou money with which to make payments on the boat for him, and she used the boat on occasions. He does not know whether she actually made the payments on the boat but he did not receive any complaints from the boat company as to the payments not being made, nor has the boat company foreclosed the chattel mortgage. The plaintiff kept the boat in his possession from the date of purchase until sometime in January, 1956, at which time he gave his former spouse permission to come to his house, get the boat and use it. In June of 1956, he learned for the first time that the defendant claimed to own the boat and was in actual possession of it. The plaintiff testified that he did not sell the boat to the defendant and that he did not sign a bill of sale to anybody.

To show legal title, the plaintiff introduced into evidence an instrument which was a combination bill of sale and chattel mortgage covering the boat. The instrument showed that C. B. Delhomme, Inc. sold to the plaintiff the boat in question on August 26, 1954, reserving a chattel mortgage to secure the unpaid balance. The purchase price was $2292.70. After the down payment, the balance of $1692.70 was to be paid in 24 monthly installments. The instrument was stamped at its foot as follows:

"Paid
Apr. 20, 1956
J. H.
C. B. Delhomme, Inc. 2101 Leeland."

This instrument was mailed to the plaintiff by the seller of the boat in April of 1956.

The defendant admitted possession of the boat and attempted to show ownership of it by a transfer of title from Emma Lou Beavers and by a chattel mortgage from the boat company which he paid off. With respect to this alleged purchase, however, the most that his evidence showed was that at the solicitation of Emma Lou Beavers, he went to the plaintiff's home and with her got the boat, later advanced her $100 to pay to the finance company on the delinquent payments, and then later paid off the balance due to the finance company amounting to $881.20. His exhibit No. 1 was an instrument similar in form to the plaintiff's exhibit No. 1, dated January 14, 1956, reciting a consideration of $561.74 payable in monthly installments and stamped:

"April 18, 1956
Release hereby filed under 564 634
W. D. Miller, County Clerk,
By: C. Deputy".

■■ It appears from the evidence that the plaintiff proved legal title and right to possession of the motorboat and that the defendant did not introduce any evidence that would defeat the plaintiff's rights. The principle is well established that a plaintiff may recover in detinue if he shows the legal title and the right of the immediate possession of the chattel. LaRue v. Loveman, Joseph & Loeb, 220 Ala. 2, 127 So. 241; Industrial Finance Corp. v. Turner, 215 Ala. 460, 110 So. 904; Crow v. Beck, 208 Ala. 444, 94 So. 580. The most that the defendant proved was some sort of equitable interest in the boat which was

not sufficient to defeat the plaintiff's legal title and right to possession.

We, therefore, entertain the view that the judgment was against the great weight of the evidence and must be reversed.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and SPANN, JJ., concur.

On Petition for Rehearing

 Appellee seriously argues on rehearing that the status of the evidence on trial did not warrant a finding for the plaintiff because there was no proof of the alternate value of the property and a judgment entered accordingly; that therefore the judgment for the defendant should not be reversed. This is the general rule. Title 7, § 921, Code of 1940; Gwin v. Emerald Co., 201 Ala. 384, 78 So. 758; MacKey v. Hall Auto Co., 27 Ala.App. 557, 176 So. 318; Graham v. Fincher, 21 Ala.App. 276, 107 So. 327.

But a well recognized exception to the rule is that if no prejudice appears by the failure to assess the alternate value there is no error. Universal C. I. T. Cred. Corp. v. Phenix-Girard Bank, 254 Ala. 643, 49 So.2d 273; Dobson v. Neighbors, 228 Ala. 407, 153 So. 861; Sauls v. Hand, 242 Ala. 643, 7 So. 2d 762.

In the instant case the defendant was the successful party in the trial below and, of consequence, he suffered no prejudice by the failure of the court to follow the statute and assess the alternate value of the suit property. Bolling v. Coffin, 262 Ala. 459, 79 So.2d 808; Sauls v. Hand, supra; Dobson v. Neighbors, supra.

Application for rehearing overruled.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ. concur.