112 So.2d 478

FIRST NATIONAL BANK OF OPELIKA

v.

LA FAYETTE FARM MACHINERY COMPANY.

5 Div. 710.

Supreme Court of Alabama.

May 21, 1959.

C. C. Torbert, Jr., Opelika, for appellant.

W. C. Hines, Lafayette, for appellee.

MERRILL, Justice.

Appellee filed a suit in detinue against one Billy Lamb to recover one International truck. The sheriff took the truck into his possession under the writ. The appellant, the First National Bank of Opelika, interposed a claim based on a recorded mortgage and filed a bond in the amount of $4,000, payable to appellee, and the truck was delivered to appellant under the provisions of Tit. 7, § 932, Code 1940, and was in its possession at the time of the trial.

The claim suit was tried without the intervention of a jury and the court entered the following judgment:

> "It is therefore, ordered and adjudged by the court that judgment be and is hereby rendered against the claimant, the First National Bank of Opelika, Alabama, a National Banking Association, and that the automobile truck involved in this proceeding is liable to the satisfaction of the writ of detinue, as sued out by the plaintiff in this cause, and against the defendant, Billy Lamb."

Appellant insists that the judgment is irregular and erroneous in that no alternate value has been set for the property.

The general rule is that a judgment in detinue, which does not assess the alternate value of the property as required by Tit. 7, § 921, Code 1940, will be reversed. Beavers v. Harris, 265 Ala. 548, 93 So.2d 161; Gwin v. Emerald Co., 201 Ala. 384, 78 So. 758; Mackey v. Hall Auto Co., 27 Ala. App. 557, 176 So. 318; Graham v. Fincher, 21 Ala.App. 276, 107 So. 327. An exception to this rule is that "it is not error to fail to assess the value of each article 'if the property is in the possession of the

successful party,' " Gwin v. Emerald Co., supra [201 Ala. 384, 78 So. 759]; Sauls v. Hand, 242 Ala. 643, 7 So.2d 762; Bolling v. Coffin, 262 Ala. 459, 79 So.2d 808; or in possession of the court, Dobson v. Neighbors, 228 Ala. 407, 153 So. 861.

This same rule has been applied where a claim has been interposed as in the instant case. In Universal C. I. T. Credit Corp. v. Phenix-Girard Bank, 254 Ala. 643, 49 So.2d 273, 274, we said:

> "Assignments of error to the effect that the verdict and judgment are irregular and erroneous, in that no alternate value has been set for the property, are well taken and must be sustained. The proceeding under § 932, Title 7, Code 1940, is referable to §§ 921, 1170, Title 7, requiring that the alternate value of the property be assessed by the jury. It has been held that a failure to so assess the alternate value, when prejudicial, necessitates a reversal. McMillan v. Nettles, 7 Ala. App. 416, 60 So. 957; Pocahontas Graphite Co. v. Minerals Separations North America Corp., 215 Ala. 225, 109 So. 873; Birmingham News Co. v. Barron G. Collier, Inc., 212 Ala. 655, 103 So. 839. In this case plaintiff claimed under a mortgage and claimant upon a conditional sale contract of which it was transferee. Assessment of alternate value of the property was essential to fix the amount to be paid in satisfaction of claimant's bond. Error in the verdict and judgment thus clearly appears, and reversal upon that ground must be here entered."

In that case, the jury found for the plaintiff as did the court in the instant case. The only difference in the two cases is that there, the plaintiff claimed under a mortgage and the claimant under a conditional sale contract, while here, both plaintiff and claimant claimed under mortgages.

It thus appears that the judgment must be reversed and the cause remanded for the failure to ascertain the alternate value of the property.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.