167 So.2d 167

**ROBERT P. STAPP MACHINERY COMPANY**

v.

**W. T. RUSSELL.**

**4 Div. 179.**

Supreme Court of Alabama.

Aug. 27, 1964.

Alton L. Turner, Luverne, for appellant.

Ben H. Lightfoot, Luverne, for appellee.

HARWOOD, Justice.

Suit below was in detinue for a tractor. The defendant below having failed within the time allowed to execute a bond for retention of the tractor, the plaintiff executed a replevy bond in the amount of $12,000 and obtained possession of the tractor.

The trial below resulted in a verdict and judgment in favor of the defendant. The court had prepared two verdicts for the jury, one for the plaintiff and one for the defendant.

The sole question presented on this appeal arises from the action of the court in resubmitting the case to the jury after the jury's original return of the prepared verdict for the defendant.

The following excerpt from the record illustrates the occurrence:

"After having deliberated for a time the jury returned to the courtroom whereupon the foreman announced that the jury had reached a verdict.

The Court received the verdict which read as follows:

> " 'For the Defendant: We, the jury, find the issues in favor of the Defendant and we find the value of the tractor to be $ 0 , and the value of the detention to be $ 0 , and we find that there is no balance due under the mortgage. J. B. Murphy.'
> Foreman

"Thereupon, the Court Reporter being temporarily absent, the Court informed the jury that the Court had made a mistake in preparing the form of a verdict for the defendant and had perhaps confused the jury by so doing. The Court then, on the same sheet of paper, prepared another form of verdict for the defendant reading as follows:

> " 'We, the jury find the issues in favor of the Defendant for the tractor and we find the value of the tractor to be $——, and the value of the detention to be $——, and we find that there is no balance due under the mortgage. ——————.'
> Foreman

"Gave the same to the jury and instructed the jury to return to the jury room and if after further deliberations they still found a verdict for the defendant it should use the corrected form of verdict for the defendant and should fill in the blank assessing the alternate value of the property at 'so many dollars, whatever amount you agree upon' and the blank pertaining to the value of the detention at 'so many dollars, whatever amount you agree upon.' To this action and instruction of the Court the plaintiff reserved an exception. The jury returned to the jury room for further deliberations." Thereafter the jury returned the following verdict:

"We, the Jury, find the issues in favor of the defendant for the tractor and we find the value of the tractor to be $4,500.00, and the value of the detention to be $NO, and we find that there is no balance due under the mortgage."

Judgment was entered pursuant to the verdict.

The undisputed evidence submitted below showed the minimum value of the tractor to be $4,500.00.

■ The general rule is that a judgment in detinue, which does not assess the alternate value of the property the subject of the suit, as required by Sec. 921, Tit. 7, Code of Alabama 1940, is defective, unless the property is in the possession of the successful party. First National Bank of Opelika v. La Fayette Farm Machinery Co., 269 Ala. 231, 112 So.2d 478, and cases cited therein.

Further, the verdict was defective in not finding for the defendant "for the tractor."

Here, of course, the tractor was in the possession of the unsuccessful party. No valid judgment could have been rendered on the verdict as originally returned because of the above mentioned defects.

The court perceived these defects upon receiving the verdict on the form prepared by the court, and immediately resubmitted the case to the jury with appropriate instructions as set out above.

■ A verdict must have not only the approval of the jury, but also the approval of the trial judge. Posey v. Johnson, 145 Kan. 742, 67 P.2d 598, and until approved and accepted by the court it is not a finding by the jury. Lough v. Price, 161 Va. 811, 172 S.E. 269.

■ When a verdict is not in proper form, the court, before discharge of the jury, may have the jury reconsider the matter and return a verdict in due form. City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276.

 Upon timely resubmission a jury, as a general rule, has the right and power to change its verdict at any time before its acceptance by the court. See 89 C.J.S. Trial § 511.

 The legal principles governing the question now being considered are, we think, well summarized by the late Justice DeGraffenried, then a member of the Court of Appeals, in King, et al. v. Robinson, 5 Ala.App. 431, 59 So. 371, as found in the excerpts from the opinion in that case:

"When, however, a jury returns into court with a verdict, *that verdict* does not become in fact a verdict until it is received by the court. Until the court receives it the case remains with the jury.

"In the case of Reg v. Meany, 1 Leigh & C. 213, 9 Cox C. C. 231, Pollock, J., said: 'A judge has a right, and in some cases it is his bounden duty, whether in a civil or a criminal cause, to tell the jury to reconsider their verdict. He is not bound to receive their verdict unless they insist upon his doing so.' Proffatt on Jury Trial, § 458.

"While, in England, judges possess much greater powers over juries than in Alabama, nevertheless, in Alabama, when the circumstances justify it, a trial judge may tell a jury to retire and reconsider their verdict.

\* \* \* \* \* \*

"As the verdict of the jury only became a *legal verdict* when it was accepted by the court, there was *no verdict* in this case until the jury returned into court with the verdict which was accepted by the court and entered on its minutes."

We find no error in the proceedings in the court below in the aspect we have been asked to consider in brief of appellant. The judgment is therefore due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.