WRIGHT, Presiding Judge.
This is an appeal from a judgment in a detinue action.
This action was brought by appellee against appellant for possession of certain personal property. It was consolidated with other actions involving a real estate lease between the parties. No proof of alternate value of the property was made and neither the jury verdict nor the judgment for the plaintiff made an alternate value assessment. Appellant’s motion for J.N.O.V. was overruled.
The issue is whether a judgment for the plaintiff in a detinue action may stand if the judgment fails to assess alternate value and the property is in the possession of the defendant.
Tit. 7, § 921 of the Code of Alabama (1940) (Recomp.1958) requires the jury to assess the value of the property when they find for the plaintiff, and when they find for the defendant and the property is in the possession of the plaintiff. Judgment must be for the property, or its alternate value, with damages for detention to the time of trial. Although it is generally reversible error for a judgment to fail to assess alternate value, it may stand if there is no prejudice. Sauls v. Hand, 242 Ala. 643, 7 So.2d 762 (1942). An absence of prejudice has been found where the property is in the possession of the successful party (Beavers v. Harris, 265 Ala. 548, 93 So.2d 161 (1956)), in the possession of' the court (Sauls v. Hand, supra; Dobson v. Neighbors, 228 Ala. 407, 153 So. 861 (1934)), and where there was no judgment for the property involved (International Harvester Co. v. Pittman, 226 Ala. 355, 147 So. 144 (1933); Miller v. Jones Adm’r, 29 Ala. 174 (1856)).
The case of Scott v. Howard, 215 Ala. 590, 112 So. 194 (1927) and its progeny such as First National Bank of Opelika v. LaFayette Farm Machinery Co., 269 Ala. 231, 112 So.2d 478 (1959), and Robert P. Stapp Mach. Co. v. Russell, 277 Ala. 84, 167 So.2d 167 (1964) control our decision in this case. Failure of the verdict and judgment in detinue to assess alternate value of the property sued for is prejudicial to the defendant in possession and requires reversal.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.