FAULKNER, Justice.
On February 28, 1975, Rogers entered into a lease agreement with the Mitchells, and at the same time the parties closed the purchase of an auto parts business located on the property. The printed lease, which by its terms began on March 1 and ended on February 28,1977, contained a typewritten provision, “Lessee has option to renew this lease at its expiration for an additional two years at a rental to be agreed on at that time.” The lease also provided that in the event of a casualty, “If the insurance proceeds are insufficient to effect such restoration or repairs [to the condition existing immediately prior to the casualty], Lessor, at its option may cancel this lease by written notice to Lessee within thirty (30) days after the occurrence of such casualty.”
On February 26, 1976, the building was damaged by fire. Rogers immediately repaired the damage. There is a dispute as to whether Rogers did this pursuant to an oral agreement that repair costs would be set off against the rent or in spite of the Mitch-ells’ request that he not repair the building. Rogers paid rent until March.
On March 19, Rogers was notified that the Mitchells considered the building so severely damaged that they were terminating the lease.
On March 22, Rogers gave notice of his intent to exercise his renewal option. On April 5, the Mitchells gave Rogers 10 days notice to quit the premises and directed him to cease repairs. Rogers continued repairs.
On July 12, the Mitchells sold the property to Berman Realty Co.
Three actions were filed in this matter: (1) an unlawful detainer action against Rogers by Berman Realty (pending trial de novo in the Circuit Court, the Mitchells were substituted as plaintiffs); (2) a declaratory judgment action seeking to determine the validity of the option, filed by Rogers against the Mitchells; and (3) an action by the Mitchells against Rogers to recover past due rent, damages for unlawful detention *727 from March 1, 1976 through February 28, 1977, and double damages for the period after February 28,1977 under Tit. 7, § 977. Rogers counterclaimed for the repairs he had made.
Cross-appellants, the Mitchells, state in brief as follows:
“The jury brought in verdicts as follows:
“1. In favor of the Mitchells in the unlawful detainer action. (Now on appeal to the Supreme Court, Case No. S.C. 2672 and S.C. 2673).
“2. In favor of Mitchell on detinue.
“3. In favor of Mitchells on Rogers’ counterclaim for repairs. (Not on appeal)
“4. Against the Mitchells for damages and rent, attorneys fees, etc. (CR. 13)
“It is the latter judgment which is appealed for review in this case [S.C. 2750].”
The three eases, S.C. 2672, S.C. 2673, and S.C. 2750 were consolidated for appeal.
The judgment of the trial court reads:
“JUDGMENT
“May 11,1977. Case tried to a jury on May 9, 10 and 11 and jury verdict in favor of defendant and against plaintiffs on plaintiffs’ claim of damages, and in favor of plaintiffs and against defendant on defendant’s counterclaim, and in favor of plaintiffs and against defendant for personal property sued for.
“Judgment is hereby rendered in favor of plaintiffs and against defendant for the following property: [For brevity, the items of personal property are omitted here.]
“All court costs in this court and in the Civil Court of Jefferson County are taxed against defendant and his sureties Walker Norris and T. A. Leonard, Jr.”
This is not a judgment for damages, rent and attorneys’ fees — it is a judgment in detinue. The Court of Civil Appeals reversed this judgment on November 2, 1977, because of failure to assess the alternate value of the property sued for. See Rogers v. Mitchell, 351 So.2d 612 (Ala.Civ.App.1977).
There is no final judgment to support an appeal; consequently, it is the duty of this court to dismiss the appeals ex mero motu. Powell v. Republic National Life Insurance Co., 293 Ala. 101, 300 So.2d 359 (1974).
APPEAL DISMISSED.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.