# *Ex Parte* Vaughan.

## *Mandamus.*

(Decided July 6, 1910.  53 So. 270.)

1. *Detinue; Execution of Writ; Alternate Steps.*—Where a writ of distringas on a judgment for plaintiff in detinue directed the sheriff to attach the specific property, or, if the defendant had secreted or removed it, to distrain all of his property until delivery of the specific property, or if that could not be done, to make its value out of defendant's estate, it could be executed only in one of the three modes specified and not in any two of them.

2. *Same; Presumption of Regularity.*—Where the writ of distringas directed the sheriff to attach the property recovered, or if removed, to distrain all of defendant's property until delivery of the property recovered, or if that could not be done to make the value of the property out of defendant's estate, in the absence of a contrary showing, the sheriff will be presumed to have done his duty and on the execution of the distringas in the third mode directed, it will be presumed that the sheriff could not execute the writ in the other two modes.

3. *Same; Right of Plaintiff; Other Remedies.*—A sheriff's return on a writ of distringas showing execution by making the alternate value of the property was not so conclusive on the plaintiff as to prevent her from obtaining the property under other appropriate writs subsequently issued

4. *Same.*—A plaintiff in ·detinue is entitled to insist on having the specific property if obtainable and is not required to accept the

alternate value of the property recovered, on a tender made by the defendant or the sheriff; but he cannot have both the property and its alternate value.

5. *Same.*—Where a plaintiff elects not to take the alternate value of the property recovered in detinue which the sheriff has made out of the estate of the defendant, her remedy was to request an alias distringas as authorized by section 3786, Code 1907; the sheriff having already executed and returned the writ it was functus officio and he could not be compelled by mandamus to re-execute it.

APPEAL from Choctaw Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Francis Vaughan petitions the court for mandamus requiring the sheriff to execute a writ of distringas for the recovery of specific property. Judgment denying the writ and she appeals. Affirmed.

W. F. GLOVER, for petitioner. The verdict and judgment for the mules adjudged Turner to be in possession at the commencement of the action.—86 Ala. 502. The judgment is conclusive of the ownership, and being for the property a writ of seizure follows.—120 Ala. 97. Under the statute plaintiff has the right to compel the restoration of the property.—85 Ala. 242. Plaintiff has the right to have the property restored to her and can refuse payment of the alternate value.—49 Ala. 136. The possession obtained lis pendens does not put the possessor in any better condition than the defendant, and the property is subject to seizure in his hands. —9 Ala. 921; 21 A. & E. Enc. of Law, 627 and 647.

LUDLOW ELMORE, for appellee. Mandamus was properly denied.—*State ex rel. Scott v. Waller,* 32 So. 163. A defendant who pays the damage and alternate value is discharged.—*Wilson v. Barnes,* 49 Ala. 134; *Wittick v. Keiffer,* 31 Ala. 199.

MAYFIELD, J.—This was an application for mandamus to the judge of the First judicial circuit to com-

mand him to compel the sheriff of Choctaw county to execute a certain writ of distringas issued from the circuit court of said county upon a judgment in a certain detinue suit in which petitioner was plaintiff and one W. R. Turner was defendant.

The writ was practically in the form prescribed by the Code (section 3785). It contained three alternative commands to the sheriff: (1) To attach the two mules recovered in the judgment if they might be had; (2) should the defendant secrete the property or remove it, so that it could not be attached, then to distrain the defendant by all his property, until he deliver to the sheriff or to the plaintiff the property in question, if the same might be done; (3) but, if not, then to cause the alternative value of the property to be made out of the estate of the defendant. The sheriff executed the writ by complying with the last alternative, and so returned the writ.

The writ could only be properly executed in one of the three methods specified, and not in any two of them. In the absence of anything to the contrary, the sheriff must be presumed to have performed his duty—that the property could not be attached by him, and that the cause of distringas did not exist, and that he therefore properly executed the writ in the third and last mode directed. This return of his, however, was not conclusive upon the plaintiff, so as to prevent her from subsequently obtaining the specified property under other appropriate writs to be thereafter issued. Plaintiff was not bound to accept the alternative value in lieu of the specific property, and thereby satisfy her judgment against defendant, and relieve the sheriff from all liability for failure to discharge his duty under this writ, if he did so fail, as to which we, of course, do not mean to intimate an opinion. The plaintiff is not required in detinue suits to accept the alternative

value, if tendered by the defendant or the sheriff. She may decline it, if offered, and insist upon having the specific property if it can be obtained, though she cannot, of course, have both. It is not for the defendant or the sheriff to say whether the plaintiff shall have the specific chattel or the alternative value as fixed by the judgment in detinue; but this is a question for the plaintiff to decide.

The plaintiff in this case, however, mistook her remedy to obtain the property. She should have applied to the court for an alias writ, commanding the sheriff to attach the property if it could be found; or, if not found, and it appeared that the defendant had secreted or removed the property so that it could not be attached, then to distrain the other property of the defendant until he produced and delivered the property in question. The circuit court could not properly issue a mandamus to the sheriff to execute a writ he had already executed and returned. The writ was functus officio. Before the sheriff can execute any writ by attachment or distringas, he must have a live writ. The statute (section 3786 of the Code) expressly provides that the issuance of one or more writs for the enforcement of judgment in detinue shall not bar or prevent the issuance of other appropriate writs until there has been a satisfaction of the judgment.

It was open to plaintiff to apply for such other writs, and her failure so to do does not give her the right to compel the execution of a writ which is functus officio, whatever may be her other grounds.

Finding no error, the judgment of the lower court refusing the mandamus to the sheriff is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and EVANS, JJ., concur.