**GARRETT v. DAVIS. (8 Div. 874.)**

Supreme Court of Alabama. April 14, 1927.

**1. Detinue ⬥➔26—Plaintiff having unqualified judgment in detinue may take property and is not bound to accept its value.**

Plaintiff having recovered judgment in detinue suit is not bound to accept alternate value of property recovered, but may insist upon having specific property, which may be recovered under writ of attachment followed by alias writs, providing unqualified judgment has been rendered and remains unsatisfied.

**2. Detinue ⬥➔25—Plaintiff could accept and incorporate in judgment defendant's offer of alternate value of property.**

In suit for detinue it was competent for plaintiff to accept in open court defendant's

offer to pay alternate value of property and to incorporate that agreement in recitals of judgment.

**3. Judgment ⊂⇒72—Agreement to accept alternate value of property, incorporated in judgment in detinue suit, held consent judgment binding plaintiff and discharging property.**

Where plaintiff in detinue suit accepted in open court defendant's offer to pay alternate value of property recital of agreement in judgment constituted consent judgment discharging specific property from judgment's operation and binding plaintiff to accept alternate value.

**4. Judgment ⊂⇒90—Consent judgment is in nature of contract constituting waiver of irregularities, not subject to be set aside except for fraud or mistake.**

Consent judgment is in nature of contract or binding obligation between parties, which constitutes waiver of errors and irregularities and cannot be set aside in absence of mistake or fraud.

**5. Judgment ⊂⇒91—Where in suit for detinue consent judgment was entered binding plaintiff to accept value of property, writ of distringas to seize property could not issue.**

Where consent judgment had been entered into in detinue suit by which plaintiff agreed to accept alternate value of property, no writ of attachment or distringas to seize property discharged, or coerce its surrender, could issue either from court which rendered judgment or from circuit court.

**6. Judgment ⊂⇒91—Judgment creditor seeking writ of distringas to seize property recovered in detinue suit could not attack judgment by which he agreed to accept property's value.**

Judgment creditor in detinue suit could not in petition for writ of distringas to seize property recovered collaterally attack judgment by which he had agreed to accept alternate value of property in lieu of property itself.

Appeal from Circuit Court, Limestone County; James E. Horton, Judge.

Petition of Lou Garrett for order or decree directing the issuance of a writ of distringas by the judge of the inferior court, in a cause instituted by petitioner against Anthony Davis. From the judgment, petitioner appeals. Affirmed.

In a detinue suit wherein Lou Garrett was plaintiff and Anthony Davis defendant, the inferior court of Limestone county rendered a judgment for plaintiff for the recovery of certain articles in specie, or their alternate values, and then reciting:

"Comes the defendant and offers to pay the alternate value of the above-described property as fixed by the court, together with the costs in this behalf expended, and the plaintiff agreeing to and accepting the same, the defendant pays into court the above values amounting to $18, and the costs of this suit, and the said $18, is by the court paid to the plaintiff in this cause, and the property is delivered to the defendant."

Both parties were present at the trial in person and by attorney, and the judgment was rendered on August 25, 1924.

On April 18, 1925, the plaintiff filed a motion in said inferior court, averring that she had not received the property for which judgment was rendered in her favor in said suit, and that she did not agree, and had never agreed, to accept the alternate value of the property instead of the property itself, and praying for a writ of distringas or attachment directed to the sheriff to put plaintiff in possession of her said property.

This motion being overruled, plaintiff filed a sworn petition in the circuit court of the county, addressed to the judges thereof, setting out the foregoing facts and praying for a proper order or decree directing J. E. Clem, as judge of the inferior court, to issue a distringas or other proper writ for the purpose aforesaid.

The judgment defendant, Davis, demurred to the petition, the demurrer was sustained, and the petitioner appeals from that ruling and judgment.

W. H. Long, of Decatur, for appellant.

Plaintiff in detinue was entitled to the specific property sued for, and for which she had judgment, and the inferior court had no right, without her consent, to accept the alternate value of the property for her. Carter v. Alford, 64 Ala. 236; Ex parte Vaughan, 168 Ala. 187, 53 So. 270; Cowgill v. Bozeman, 202 Ala. 8, 79 So. 305. On showing that petitioner did not so consent, her petition should have been granted. Thompson v. Greene, 85 Ala. 242, 4 So. 735.

J. G. Rankin, of Athens, for appellee.

The judgment is not appealable, and the appeal should be dismissed. State ex rel. Wright v. Kemp, 205 Ala. 201, 87 So. 836; Wise v. Spears, 200 Ala. 695, 76 So. 869.

SOMERVILLE, J. [1] The plaintiff in judgment in a detinue suit is of course not bound to accept the alternate value of the property recovered, if tendered by the defendant or the sheriff, but may always insist upon having the specific property so long as it is in existence, and may insist upon the issuance of a writ of attachment, to be followed by alias writs, if necessary, commanding its seizure and delivery to plaintiff. Ex parte Vaughan, 168 Ala. 187, 53 So. 270; Carter v. Alford, 64 Ala. 236, 239. This assumes that an unqualified judgment has been rendered for the plaintiff, and remains unsatisfied.

[2-4] The trouble with appellant's motion in the inferior court, and her petition to the circuit court judges is that she showed no such judgment. It was competent for the plaintiff to accept in open court the defend-

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ant's offer to pay the alternate value of the property, as assessed, and the execution of that agreement, as shown by the recitals of the judgment, was in legal effect a judgment by consent discharging the property from the operation of the judgment. Such a judgment must be "regarded as in the nature of a contract or binding obligation between the parties thereto, which neither, in the absence of fraud or mistake, has the right to set aside or disregard, and which, as against each, is a waiver of errors and irregularities. Freeman on Judgments, § 330." Cowley v. Farrow, 193 Ala. 381, 384, 69 So. 114.

[5] So long, therefore, as this judgment stands, the rendering court is without authority to issue a writ of attachment or distringas to seize the property thus discharged, or coerce its surrender; and, a fortiori, the circuit court is without authority to direct the issuance of such a writ.

[6] It is true the petitioning plaintiff denies that she agreed to that settlement. But the judgment in question cannot be impeached collaterally, but only by a proper proceeding, with proper allegation and proof.

The demurrer to the petition pointed out its insufficiencies and was properly sustained.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.