HOLMES, Judge.
This case is an appeal from an action in detinue and counterclaim for breach of contract.
Borden Foods Company (Borden) commenced this action by filing a complaint in detinue and a motion for a writ of seizure seeking the return of a 1977 Ford automobile. After the automobile was seized, Williams recovered possession by replevin bond payable to Borden. Williams then filed an answer denying that his possession of the automobile was wrongful. In addition, Williams set up a counterclaim alleging that Borden owed certain sums due to him under his previous employment contract with Borden and that Borden had agreed to give him *592 the ear in partial satisfaction of the amount. Williams’s claim for damages was $7,619.
Following a jury trial, a verdict was returned for Borden on the detinue claim and the car’s alternate value was found to be $2,022. On Williams’s counterclaim a verdict was returned in his favor in the amount of $4,010.
Thereafter, Williams moved for a new trial, asserting that the verdict was contrary to the law and evidence; that the amount awarded was not reasonable under the evidence; and that the verdict should be set aside as the product of arbitration and compromise. Subsequent to the motion for new trial, Williams sought to have his replevin bond cancelled on the grounds that he had made an offer to return the automobile but Borden had refused to accept the return.
The trial court denied both motions and directed that Borden could satisfy part of its obligation by transferring the title to the automobile to Williams and paying the difference between its alternate value and the amount of Williams’s judgment. After the trial court’s refusal to reconsider the setoff, Williams filed for appeal.
On appeal, Williams through able counsel contends that the $4,010 verdict was so inadequate as to be presumed to result from compromise or mistake and therefore the court erred in refusing to grant a new trial. Additionally, Williams contends that the trial court erred in offsetting Borden’s judgment against Williams’s judgment. We disagree with these contentions and affirm.
It is firmly established that on appeal, all favorable presumptions are afforded the correctness of jury verdicts and such will not be disturbed unless clearly divergent from the evidence and the law. Baswell v. Wilks, 57 Ala.App. 98, 326 So.2d 292 (1976). This presumption is further strengthened where the trial court refuses to grant a new trial. Birmingham So. R. Co. v. Ball, 271 Ala. 563, 126 So.2d 206 (1961). It is also firmly established that the jury must return a verdict that is supported by the evidence and is responsive to the issues and instructions. Posey v. Myers, 370 So.2d 986 (Ala.1979); Booth v. S. and H. Laboratories, Inc., 39 Ala.App. 615, 105 So.2d 879 (1958).
Considering the above principles, we find that the jury verdict is not erroneous and that the trial court did not err in refusing to grant a new trial.
A review of the record reveals that at trial, Williams based his claim upon an employment contract where Borden promised to pay Williams notice and termination pay upon his involuntary termination. Williams contended at trial that he was entitled to notice and termination pay based on written personnel policies issued by Borden over the years and on conversations with Borden personnel at the time he was fired. Williams testified that, based on these company policies and oral representations, he was to receive one week’s pay for every year he had worked at Borden.
Borden, on the other hand, contended at trial that there was no consideration given that made their termination pay plans binding and that the terms of the plan were discretionary. At any rate, there were two such plans admitted into evidence and neither contained any mention of a specific sum nor any method for computing termination pay.
There was no indication that the jury disregarded the evidence or the trial court’s instructions. In fact, the judge charged the jury that, should they find in Williams’s favor, they should award him a sum “that, in your judgment, would compensate him for the injuries and damages that I have indicated to you he makes claim for in his complaint.” Although the jury did not return the specific sum Williams requested, it appears from the record that they were responsive to the issues presented. It does not mean that a verdict is erroneous simply because the sum cannot be arrived at by a precise mathematical formula. Lee Associates, Inc. v. Specialty Construction Co., Inc., 341 So.2d 150 (Ala.Civ.App.1976).
*593 Williams’s next contention is that the trial court erred in offsetting the alternate value of Borden’s judgment in detinue against Williams’s award for breach of contract. We disagree.
Williams bases his argument on the premise that only money judgments can be offset against each other and that Borden’s judgment is for the return of the automobile or the alternative value as found by the jury. It is settled that the defendant cannot force the plaintiff to accept the alternate value over the specific chattel. Richardson v. First National Bank of Columbus, Ga., 46 Ala.App. 366, 242 So.2d 676 (1970). However, the defendant cannot force the plaintiff to accept the chattel either. Ex parte Vaughan, 168 Ala. 187, 53 So. 270, 271 (1910), states the proposition in this way: “It is not for the defendant or the sheriff to say whether the plaintiff shall have the specific chattel or the alternative value as fixed by the judgment in detinue; but this is a question for the plaintiff to decide.” In the instant case it appears that when Borden refused to accept the return of the car, they elected to receive the alternate value. The alternate value is a money judgment and can therefore be set off against Williams’s breach of contract judgment. Borden, having made the election, cannot now be made to accept the automobile.
For the above reasons, we find that the trial court did not err in offsetting Borden’s judgment against Williams’s judgment.
Finding no error, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.