[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 815 
In November 1982 Jerry Verbeck, d/b/a Carlyle Piano Company (Carlyle Piano), filed suit in the Jackson County District Court against Erskine Van Ivey for recovery of a piano and bench or its equivalent value. Ivey answered, alleging various violations by Carlyle Piano of §§ 40-14-1 to -4, Code 1975; §§5-19-1 to -31, Code 1975 (the Mini Code); the State Banking Department's Regulations; Ala. Const. art. XII, § 232; § 10-2A-247, Code 1975; 15 U.S.C. § 1601 (1982), the Federal Truth-in-Lending Act (FTLA); 12 C.F.R. § 226 (1981), Federal Reserve Regulation Z (Regulation Z). Ivey counterclaimed under the FTLA and asked for $1,000, attorney's fees, and costs.
The district court awarded Carlyle Piano the piano, bench, fifteen percent attorney's fees, and denied Ivey's counterclaim. Ivey appealed to the Jackson County Circuit Court. After an ore tenus hearing at a trial de novo, the trial court awarded to Carlyle Piano the piano and bench, and to Ivey the amount he had already paid. The court ordered a reference and appointed a master to determine the value of the piano and bench and the amount Ivey had paid. The court later set the findings aside and held an ore tenus hearing at which it found that the alternate value of the property was $1,000 and that Ivey had paid $361 on the piano.
From a denial of his motion to alter, amend, or vacate the judgment, Ivey appeals to this court.
The record reveals the following pertinent facts. Mrs. Ivey wrote the Carlyle Piano Company requesting further information about a piano that had been advertised in the local newspaper. About a month later, on January 22, 1982, a salesman called Mrs. Ivey, telling her that he had come from Illinois and was fifteen miles from her home and had a piano for her to look at. After negotiations at the Ivey home between Mrs. Ivey and the salesman, Mrs. Ivey called her husband at work, and he evidently gave her permission to purchase the piano. She did so and signed her husband's name, paying $105 down and agreeing to pay about $66 per month. The contract, according to Mrs. Ivey, purported to be with Carlyle Piano Company. She stated at trial that the contract was not filled out when she signed it.
Evidently, the contract was assigned to the Farmer's and Merchant's Bank of Carlyle, Illinois (the bank). Before the time when Mrs. Ivey believed she was to make her first payment, she received a coupon book from the bank. The bank was shown at trial to be a foreign corporation not qualified to do business in this state.
Soon, Mr. Ivey became unemployed and delinquent in his payments. Carlyle Piano, according to their complaint, unsuccessfully attempted on November 18, 1982 to repossess the chattels. Carlyle Piano then instituted this lawsuit.
The record from the trial court does not contain the "Mini Code affidavit" mandated by section 5-19-11, Code 1975. If this affidavit is required and it is not filed, the effect is that no judgment may be entered until the creditor has filed the affidavit. § 5-19-11, Code 1975.
Carlyle Piano alleges that the affidavit need not be filed since section 5-19-11 requires the affidavit on "an action on any debt for collection," and that this is not that kind of suit — this is a detinue action to recover the piano or its alternate value. Ivey alleges that the affidavit had to be filed.
The threshold issue then is whether the complaint filed by Carlyle Piano is an action on a debt for collection to subject it to the affidavit requirements of section 5-19-11. We hold that it is.
In Alabama the beneficial qualities of the common-law actions of detinue and replevin have been statutorily joined by sections 6-6-250 through -264, Code 1975, *Page 816 
and provide for a statutory method for the recovery of personal property. Richardson v. First National Bank, 46 Ala. App. 366,242 So.2d 676 (Ala.Civ.App. 1970); C. Gamble D. Corley,Alabama Law of Damages § 34-8 at 365 (1982).
Statutory detinue seeks return of property in specie, or its alternate value, plus reasonable rental during detention.Roebuck Auto Sales, Inc. v. Wallace, 293 Ala. 231,301 So.2d 546 (1974); § 6-6-256, Code 1975. Generally, it is reversible error not to assess the alternate value of the chattel at issue. Heathcock v. Hadley, 398 So.2d 715 (Ala.Civ.App. 1981);Rogers v. Mitchell, 351 So.2d 612 (Ala.Civ.App. 1977).
Thus, the remedy for recovery of chattels in Alabama is recovery of the chattels in specie. But it is not limited to this method. There is also provision for recovery of the alternate value of the chattel.
The plaintiff gets to elect whether he will accept return of the chattel or the alternate value. Williams v. Borden FoodsCo., Division of Borden, 429 So.2d 591 (Ala.Civ.App. 1982). An election to accept the alternate value makes the alternate value a money judgment which the plaintiff can collect.Williams, supra.
Thus, the Mini Code affidavit is necessary in detinue actions involving consumer credit transactions.
That the affidavit is required in attempts to repossess by judicial process has been impliedly recognized. In Gilliam v.Indiana National Bank, 337 So.2d 352 (Ala.Civ.App. 1976), the bank was attempting to repossess chattels from the Gilliams. The bank had not filed a Mini Code affidavit. The Gilliams raised this in a motion to dismiss, as did Ivey in the present case. The motion to dismiss was overruled, but only after the affidavit was filed.
The failure to file the Mini Code affidavit limits the court's authority to enter judgment until such time as the plaintiff files the affidavit, so long as it is not affirmatively waived. Welch v. G.F.C. Credit Corp.,336 So.2d 1346 (Ala.Civ.App. 1976).
Here, there was no waiver since Ivey raised the issue early in the process by means of a motion to dismiss. Also, waiver of the affidavit requirement must be an intentional relinquishment of a known right. Graham v. University Credit Union,411 So.2d 144 (Ala.Civ.App. 1982). The record reflects no intentional relinquishment.
Thus, the trial court was without authority to render any judgment on the plaintiff's complaint until the affidavit of section 5-19-11 was filed.
The inability of the trial court to proceed to judgment on plaintiff's complaint until the required affidavit was filed did not, however, prevent the trial court from hearing and deciding Ivey's counterclaim based on alleged violations of the Truth-in-Lending Act, 15 U.S.C. § 1631 (1982) and Regulation Z, 12 C.F.R. § 226 (1981). The trial court heard and decided the counterclaim, and we now consider Ivey's contention that the trial court erred in overruling it.
Ivey seeks the statutory penalty of double the finance charge or a maximum of $1,000, plus a reasonable attorney's fee, as allowed in 15 U.S.C. § 1640 (1976). In this case, twice the finance charge is $1,234.62; hence, $1,000 is the most that could be awarded as a penalty. To be allowed this penalty, there must be a creditor who fails to comply with the disclosure requirements of 15 U.S.C. § 1631-1646 (1976).15 U.S.C. § 1640 (a) (1976). Ivey assigns two failures.
First, the disclosure statement contains a confession of judgment clause. These clauses are statutorily forbidden in Alabama and any provision for them "shall be void." § 8-9-11, Code 1975. In Gennuso v. Commercial Bank Trust Co.,566 F.2d 437 (3d Cir. 1977), reference in a Note and Security Agreement to a nonexistent confession of judgment clause was held to be a violation of Regulation Z since it was misleading. In the case at bar the *Page 817 
disclosure statement refers to a clause which is void under Alabama law. It is therefore misleading and a violation of Regulation Z.
Also asserted as a violation of Regulation Z is that the contract provides for the debtor to pay Carlyle Piano's reasonable attorney's fees at default. Since Alabama limits the creditor's attorney's fees to fifteen percent of the unpaid debt at default, § 5-19-10, Code 1975, Ivey alleges that this is misleading under both 15 U.S.C. § 1631 and 12 C.F.R. § 226.6
(c). We agree. The FTLA is to be liberally construed in the consumer's favor and it is to be strictly enforced. Martin v.American Express, Inc., 361 So.2d 597 (Ala.Civ.App. 1978). Liberally construing the Act in Ivey's favor and strictly enforcing it, this provision in the contract is a violation of Regulation Z.
Based on these two violations of Regulation Z, the trial court should have awarded Ivey $1,000, plus a reasonable attorney's fee. Ivey's attorney was from the Legal Services of North-Central Alabama. A debtor who is represented by a legal services attorney is just as entitled to an award of a reasonable attorney's fee as one who is represented by an attorney-for-hire. Ingram v. Cedar Springs Federal CreditUnion, 451 So.2d 353 (Ala.Civ.App. 1984).
Therefore, the judgments of the trial court on plaintiff's complaint and Ivey's counterclaim are both reversed and the cause remanded for entry of judgment on the counterclaim of a statutory penalty of $1,000, plus a reasonable attorney's fee to be determined by the trial court. Whether plaintiff could file the affidavit and proceed to judgment on his claim after reversal for failure to file the affidavit was not an issue on appeal and, thus, was not addressed by this court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.