On Rehearing Ex Mero Motu

THOMPSON, Judge.
The opinion of August 8, 2003, is withdrawn, and the following is substituted therefor:
James R. Little and Tana Little (“the plaintiffs”) sued George Herbert Wingard in the Pike Circuit Court (“the trial court”) seeking damages on claims of detinue and breach of contract and seeking a declaratory judgment. In their complaint, the plaintiffs alleged that Wingard had retained possession of a mobile home that belonged to them.
The record before this court is meager and contains only the few pleadings and documents designated by Wingard for inclusion in the record on appeal. The plaintiffs did not seek to supplement the record on appeal pursuant to Rule 10, Ala. R.App. P. The facts as set forth in this opinion have been gleaned from those pleadings and documents included in the record on appeal and the parties’ briefs on appeal.
The following facts are alleged in the plaintiffs’ complaint. Wingard was married to Edna Wingard, James Little’s grandmother (“the grandmother”). The grandmother became ill and offered to buy the plaintiffs a mobile home if they would move on to her land and take care of her for the duration of her illness. The plaintiffs accepted the grandmother’s offer, and she purchased the mobile home for them in return.
Shortly thereafter, the grandmother died. After the grandmother’s death, the plaintiffs remained in the mobile home and continued to care for Wingard. The plaintiffs claim that Wingard initially agreed to let them remove the mobile home from his property but that he changed his mind after receiving advice from his sister and his girlfriend. The plaintiffs allege that they received a telephone call from Win- *679 gard’s attorney informing them that Win-gard would not relinquish possession of the mobile home. The plaintiffs then notified Wingard’s attorney that the title to the mobile home was in their names. The plaintiffs filed the underlying action specifically seeking, among other things, to gain possession of the mobile home and an award of damages for Wingard’s “use” of the mobile home during the time the plaintiffs did not have possession of it.
On October 8, 2002, a jury entered a verdict awarding the plaintiffs possession of the mobile home and determined that the alternate money value of the mobile home was $40,000. The jury denied the plaintiffs’ claim for damages for the wrongful retention of the mobile home. The trial court entered a judgment on that verdict. See § 6-6-256, Ala.Code 1975 (providing that a judgment in a detinue action “must be for the property sued for, or its alternate value, with damages for its detention”[1]).
On April 9, 2003, the plaintiffs obtained a writ of execution that provided for the execution of the judgment in the amount of the alternate value of the mobile home as assessed in the trial court’s judgment, plus interest. The writ of execution did not provide for the recovery or retrieval of the mobile home itself. On April 21, 2003, Wingard filed a motion to quash or amend the plaintiffs’ writ of execution, claiming that the remedy of detinue did not give the plaintiffs the option of choosing between the mobile home and the alternate money value of the mobile home assigned by the jury and the trial court’s judgment. According to Wingard, the mobile home was on his property and was available for seizure by the sheriffs office. On May 2, 2003, the trial court denied Wingard’s motion to quash or amend the writ of execution; Wingard timely appealed from that judgment.
The only issue raised on appeal is a question of law. Where the issue presented is a question of law, this court’s review is de novo. Reynolds Metals Co. v. Hill, 825 So.2d 100 (Ala.2002). Moreover, the ore tenus rule does not apply, and there is no presumption of correctness in favor of the trial court’s ruling. Gilbert v. James Russell Motors, Inc., 812 So.2d 1269 (Ala.Civ.App.2001).
The plaintiffs attempted to enforce the writ of execution by seeking to obtain the alternate value of the mobile home rather than the return of the mobile home itself. On appeal, Wingard argues that the trial court erred in denying his motion to quash or amend the plaintiffs’ writ of execution. Wingard contends that the plaintiffs were required to accept the return of the mobile home rather than attempt to enforce their judgment in detinue by seeking the alternate value of the mobile home. The plaintiffs maintain that they could elect whether to accept the return of the property or to seek the alternate value of that property; in support of their argument, the plaintiffs cite Ex parte Vaughan, 168 Ala. 187, 53 So. 270 (1910); Ivey v. Verbeck, 461 So.2d 813 (Ala.Civ.App.1984); and Williams v. Borden Foods Co., a Division of Borden, Inc., 429 So.2d 591 (Ala.Civ.App.1982).
Our supreme court set forth the law pertaining to judgments and the execution of judgments in a common-law detinue action by holding that under the common law
“[tjhere [was] no option of delivering up the goods or paying the value, but on the contrary, the judgment and execu *680 tion are absolutely for the restoration of the chattel, if the same c[ould] be found, together with damages and costs; and only in the alternative as to the value, in case the chattel should be destroyed or [removed].”
Robinson v. Richards, 45 Ala. 354, 358 (1871). The Alabama Legislature first codified the common-law principles pertaining to the manner in which a judgment in detinue may be executed at § 3782, Ala. Code 1907; later versions of that part of the Alabama Code pertaining to the execution of a judgment in detinue are found at § 7393, Ala.Code 1923; Title 7, § 922, Ala. Code 1940; and § 6-6-261, Ala.Code 1975. The current codification, found at § 6-6-261, Ala.Code 1975, is largely unchanged from the original versions of the codification of statutes pertaining to the execution of detinue judgments. The current statute provides:
“If the party in whose favor the judgment is given is in possession of the property in controversy, he shall retain it or, if the property is in possession of the officer seizing it, he shall deliver it to the successful party, and a writ of execution will issue for the damages and costs of the action. If the property is in possession of the losing party, the execution shall command the sheriff to take the property in controversy and deliver it to the successful party and, if the property cannot be had, that he make the value thereof out of the goods and' chattels, lands and tenements of the party and his sureties, if any, against whom the judgment is entered and shall command that he so make the damages assessed and costs of the action.”
§ 6-6-261, Ala.Code 1975 (emphasis added).
Section 6-6-261, AJa.Code 1975, must be read in pari materia with other Code sections dealing with the same subject matter. Ex parte First Family Fin. Servs., Inc., 718 So.2d 658 (Ala.1998). “Statutes should be construed together so as to harmonize the provisions as far as practical.” Ex parte Jones Mfg. Co., 589 So.2d 208, 211 (Ala.1991). Wingard argues that § 6-6-261, Ala.Code 1975, requires the plaintiffs to accept the mobile home and that his interpretation of § 6-6-261 is supported by § 6-6-263, Ala.Code 1975, which sets forth a form for the writ of execution. According to Wingard, § 6-6-263 “fully accords with [§ 6-6-261, Ala.Code 1975,] and directs the sheriff to attach and deliver the specific personal property recovered by judgment.” The form set out in § 6-6-263 directs the sheriff to “attach the specific personal property” the successful party recovered in the detinue judgment “if the same may be had.” That form also allows the sheriff to seek the alternate money damages if the property “cannot be attached” because the unsuccessful litigant has “secrete[d]” or “remove[d]” the property, or if the property may not be recovered. § 6-6-263, Ala.Code 1975.
In Ex parte Vaughan, supra, our supreme court considered an appeal pertaining to the manner in which a writ of execution on a detinue judgment was executed. The court found that the writ of execution was proper under § 3785, Ala. Code 1907, the precursor to § 6-6-263, Ala. Code 1975. The writ provided for the attachment of two mules, the property at issue in the case; for the seizing of the defendant’s property, if the particular property the plaintiff sought to have returned in her detinue action was not available, until such time as the defendant delivered the mules; or, if the defendant did not deliver the mules, for the sheriff to obtain the alternate value of the mules from the defendant’s property. The sheriff executed the writ to obtain the alternate value of the mules at issue rather than to *681 recover the mules themselves. The plaintiff sought, through a petition for a writ of mandamus, the enforcement of that part of the writ of execution that provided for the return of the mules. However, our supreme court concluded that the plaintiff could have sought other writs to secure the return of the mules rather than the alternate value of the mules and that, because she did not do so, she had no right to the issuance of the writ of mandamus she sought. In explaining its holding, the court stated:
“This return [of the sheriffs], however, was not conclusive upon the plaintiff, so as to prevent her from subsequently obtaining the specified property under other appropriate writs to be thereafter issued. Plaintiff was not bound to accept the alternative value in lieu of the specific property, and thereby satisfy her judgment against defendant, and relieve the sheriff from all liability for failure to discharge his duty under this writ.... The plaintiff is not required in detinue [actions] to accept the alternative value, if tendered by the defendant or the sheriff She may decline it, if offered, and insist upon having the specific property if it can be obtained, though she cannot, of course, have both. It is not for the defendant or the sheriff to say whether the plaintiff shall have the specific chattel or the alternative value as fixed by the judgment in deti-nue; but this is a question for the plaintiff to decide.”
Ex parte Vaughan, 168 Ala. at 189-190, 53 So. at 271.
This court later erroneously interpreted the above-quoted passage from Ex parte Vaughan to allow the plaintiff to elect between recovering the specific property whose return the plaintiff sought or that property’s alternate value. This court stated that in executing a judgment in detinue, “[t]he plaintiff gets to elect whether he will accept return of the chattel or the alternate value.” Ivey v. Verbeck, 461 So.2d 813, 816 (Ala.Civ.App.1984). In reaching that conclusion in Ivey v. Verbeck, this court cited as authority Williams v. Borden Foods Co., supra, which had in turn asserted a similar proposition and had cited Ex parte Vaughan, supra, as its supporting authority.
In reaching its determination in Williams v. Borden Foods Co., supra, that the prevailing party could elect between receiving the property sought or receiving its alternate value, this court quoted that portion of Ex parte Vaughan, 168 Ala. at 190, 53 So. at 271, which states:
“It is not for the defendant or the sheriff to say whether the plaintiff shall have the specific chattel or the alternative value as fixed by the judgment in deti-nue; but this is a question for the plaintiff to decide.”
We do not interpret that language to provide the prevailing party an election because the preceding sentences in Ex parte Vaughan clearly refer only to the losing party’s inability to force the prevailing party to accept the alternate value of the property rather than the return of the property itself:
“The plaintiff is not required in detinue [actions] to accept the alternative value, if tendered by the defendant or the sheriff. She may decline it, if offered, and insist upon having the specific property if it can be obtained, though she cannot, of course, have both.”
168 Ala. at 189-90, 53 So. at 271. When read together, the passages from Ex parte Vaughan, as quoted in this opinion, indicate that a successful litigant may not be forced to accept the alternate money value of the property that is the subject of the detinue judgment. Further, the court in Ex parte Vaughan went on to state that *682 the sheriff should seek to collect the alternate money value only if the property could not be found, was secreted, or was removed from the unsuccessful litigant’s property. Thus, in Ex parte Vaughan, our supreme court concluded only that the prevailing party in a detinue action may not be forced to accept the alternate value of the property he or she sought to recover and that the prevailing party may instead elect to insist on the return of the property rather than receiving the alternate value of the property; the court did not address whether a prevailing party may elect, in seeking to execute a judgment in detinue, to seek the alternate value of the property he or she had sought to have returned.
Therefore, we conclude that this court’s reliance in Williams v. Borden Foods Co., supra, on Ex parte Vaughan misconstrued the meaning of that passage on which it relied and that it misapprehended the holding in Ex parte Vaughan. Our current interpretation of Ex parte Vaughan, supra, is consistent with the language of § 6-6-261, which codified the common law concerning executing judgments in deti-nue. That section provides that the writ of execution shall be for the return or recovery of the property itself and that, if the property “cannot be had,” the prevailing party may recover the alternate value of the property. See § 6-6-261. See also § 6-6-263, Ala.Code 1975 (setting forth the form of the writ of execution, which specifies that the property sought shall be recovered if it may be had, and that the alternate value may be recovered if the property sought is not available).
According to Wingard, he has made the mobile home available to the plaintiffs or to the sheriff; however, he claims they have refused to accept it. Section 6-6-261, Ala.Code 1975, is clear in requiring that the sheriff “shall” seize the property if it is available. The plaintiffs do not have the right to seek the alternate money value of the property unless “the property cannot be had.” § 6-6-261, Ala.Code 1975. The plaintiffs may not seek the alternate money value of the mobile home unless Wingard refuses to return the mobile home to the plaintiffs or the sheriff is unable to seize the mobile home.
ON REHEARING EX MERO MOTU: OPINION OF AUGUST 8, 2003, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ„ concur.

. The jury considered the plaintiffs’ claim alleging Wingard’s "use” or detention of the mobile home, but it awarded the plaintiffs no damages on that claim. No appeal was taken from that aspect of the judgment on the jury’s verdict.