The plaintiff, W.W. Williamson, appeals from a judgment based on a directed verdict in favor of the defendant, Johnny Howard Stephens. The legal question presented is whether the plaintiff sufficiently proved the value of certain property *Page 1273 
he claimed did not go with the sale of a house.
On June 14, 1988, Sidney Williamson, son of the plaintiff, sold a house and approximately two acres of land to Stephens. Shortly thereafter, the plaintiff came to the house to retrieve some personal belongings that he had stored at the house. At that point, Stephens's wife informed W.W. Williamson that she and her husband had bought the house "contents and all". W.W. Williamson testified at the trial that he had several items stored at the house when the Stephenses bought the house, and that he had not agreed to sell his belongings to the Stephenses. Sidney Williamson testified that he had not agreed to sell any of his father's belongings to the Stephenses, either. There was no notation on the deed indicating that the contents of the house were to be sold with the house and land. Stephens introduced a document stating that Sidney Williamson was selling the house "contents and all." However, Sidney Williamson testified that he had never seen the document and had not signed it.
In his complaint Williamson demanded (1) a return of the specific property alleged to have been wrongfully detained, (2) in the alternative, its value, (3) general damages for the wrongful detention, and (4) punitive damages, costs, and certain equitable relief. After the presentation of all of the evidence, the trial court granted Stephens's motion for a directed verdict. In directing a verdict, the court stated that the action was in detinue, and that Williamson had failed to meet all of the requirements for proving the elements of that action or had failed to prove the property's value.
At the outset, we note that it is not clear from the pleadings or the record whether the plaintiff sought to recover in detinue or in conversion. The pleadings and record contain elements of both actions. Under either theory, however, the complaining party has the burden of proving the value of the property wrongfully detained or converted.
At the trial, W.W. Williamson testified to the value of some of the items he had stored in the house bought by Stephens. At the conclusion of his testimony, a written document containing Mr. Williamson's valuation of the items was offered into evidence, but the trial court refused to allow the document into evidence. We find that he erred.
Under the statutory law of this state it is provided:
 "Direct testimony as to the market value is in the nature of opinion evidence; one need not be an expert or dealer in the article, but may testify as to value if he has had an opportunity for forming a correct opinion."
Ala. Code 1975, § 12-21-114.
Construing this section, the Court of Civil Appeals has held that the question of whether a witness has had ample opportunity of forming a correct opinion of the value of an article is a preliminary question for the court; that a determination on that question is a matter largely within the court's discretion; and that such a determination will not be overturned unless it is clearly unjust. Hamrick v. Daniel,449 So.2d 1247 (Ala.Civ.App. 1984). We think the Court of Civil Appeals correctly construed that statutory provision. Applying this rule of review, and examining the record, we find that the trial court erred in directing a verdict for the defendant.
The record shows that W.W. Williamson testified to the value of some of the items allegedly wrongfully retained by Stephens. In addition, he testified that he knew the value of most of the items he had left in the house. A list of all the articles wrongfully detained, along with their value as determined by W.W. Williamson, was offered into evidence, but was excluded by the trial court. Because we find that the trial court erroneously excluded the document, we hold that the trial court's action was clearly unjust. Although a court is permitted to direct a verdict when there has been no proof of value of the property, Gwin v. Emerald Co., 201 Ala. 384,78 So. 758 (1918); Graham v. Fincher, 21 Ala. App. 276, 107 So. 327
(1926); Mackey v. Hall Auto Co., 27 Ala. App. 557, *Page 1274 176 So. 318 (1937), we find that W.W. Williamson did offer sufficient proof of value.
Because we reverse the judgment of the trial court, we do not need to address the question raised concerning punitive damages. This issue may not present itself in a retrial. The judgment is due to be, and it is hereby, reversed and remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.