YATES, Presiding Judge.
On April 3, 2001, Juanita Delmore sued James Gonzales, her stepfather, in the Mobile District Court, alleging conversion of personal property left to her by her deceased mother’s will. Delmore also alleged negligence and a breach of contract. On June 11, 2001, Delmore filed a petition to probate her mother’s will in the Probate Court of Mobile County. On June 8, 2001, Augustus Gomez, Delmore’s half-brother, sued Gonzales, his stepfather, in the Mobile Circuit Court, alleging conversion of personal property left to him by his mother’s will. At some point, Gonzales was declared incompetent by the probate court and a conservator was appointed to represent his interests. On October 25, 2001, Gonzales’s conservator petitioned the probate court to exempt $15,500 as a homestead, personal property, and family allowance pursuant to §§ 43-8-110 through 112, Ala.Code 1975. Pursuant to Rule 42(a), Ala. R. Civ. P., the three actions were consolidated in the circuit court.
During the trial of these actions, Gonzales objected to any attempt by Delmore or Gomez to testify as to the value of any item of their mother’s personal property. Gomez had prepared a report that detailed each item of personal property that he alleged had been left to him and Del-more under their mother’s will and assigned a dollar value to each one of those items; Gomez assigned values to the items of personal property partly based on his sentimental attachment to the items. Gonzales also objected to Gomez’s value assessments contained in the report. During the trial, Gomez testified that he was familiar with the personal property that his mother owned because he lived with his mother when she married Gonzales and, after Gomez moved out of his mother’s house, he frequently visited her. Delmore also testified that her mother had obtained many of the items of personal property before her mother had married Gonzales and that she was familiar with all of her mother’s personal property.
At the close of Delmore and Gomez’s case-in-chief, Gonzales moved for a judgment as a matter of law (“JML”) pursuant to Rule 50, Ala. R. Civ. P., because Del-more and Gomez had not established the value of any of the items of personal property. The trial court granted this motion on October 9, 2003. Delmore and Gomez filed a timely notice of appeal. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
Delmore and Gomez allege that the trial court improperly excluded a report prepared by Gomez that included a dollar value for each piece of personal property that they alleged was due to them under their mother’s will. They also argue that the trial court improperly excluded from their claims of conversion $17,000 dollars in cash found in their mother’s bedroom. Our supreme court has stated:
“When reviewing a ruling on a motion for a JML, this Court uses the same standard the trial court used initially in granting or denying a JML. Palm Harbor Homes, Inc. v. Crawford, 689 So.2d 3 (Ala.1997). Regarding questions of fact, the ultimate question is whether the nonmovant has presented sufficient evidence to allow the case or the issue to be submitted to the jury for a factual resolution. Carter v. Henderson, 598 So.2d 1350 (Ala.1992). For actions filed after June 11, 1987, the nonmovant must present ‘substantial evidence’ in order to withstand a motion for a JML. See § 12-21-12, Ala.Code 1975; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). A reviewing court must determine whether the party who bears the burden of proof has *142 produced substantial evidence creating a factual dispute requiring resolution by the jury. Carter, 598 So.2d at 1353. In reviewing a ruling on a motion for a JML, this Court views the evidence in the light most favorable to the nonmov-ant and entertains such reasonable inferences as the jury would have been free to draw. Motion Industries, Inc. v. Pate, 678 So.2d 724 (Ala.1996). Regarding a question of law, however, this Court indulges no presumption of correctness as to the trial court’s ruling. Ricwil, Inc. v. S.L. Pappas & Co., 599 So.2d 1126 (Ala.1992).”
Delchamps, Inc. v. Bryant, 738 So.2d 824, 830 (Ala.1999).
The following occurred during oral arguments on Gonzales’s motion for a JML:
“THE COURT: There is one issue I think is controlling whether or not the Plaintiffs can give — establish the question of value to go to the jury. If they cannot do that, I think the case is due to go out on the Defense’s motion. If either one of the Plaintiffs wants to research that issue and think there is clear-cut law, that based on what is already presented before this jury that they have — that their clients could establish the value. I think — I will deny [Gonzales’s] motion.
“I’ll be very [candid], I don’t think that there is.... The question for me to determine, in my opinion, is whether or not the personal property, the assets, the personal property in the home exceeds the statutory exemption.
[[Image here]]
“[Counsel for Delmore]: Your Honor, what about the fact that we offered Exhibit Nine and you never ruled on what—
“THE COURT: Because of that particular issue, that’s the issue. That’s why I did not allow Exhibit Nine in based on that issue. I was not satisfied that I can allow the Plaintiffs to establish that value, that’s the whole issue. If I would have allowed that, then I would automatically be denying [Gonzales’s] motion, that’s the issue.
[[Image here]]
“THE COURT: We’re taking that up now because that’s the sole basis of his motion for a [judgment as a matter of law,] in my opinion.
[[Image here]]
“THE COURT: ... I think the law is that a Plaintiff — the owner can testify to the value of his or her property, an example, in a car accident, you can- — say if my car was in an accident, I can tell you the fair market before and the fair market value afterwards. It doesn’t matter if I have no expertise in that area, I can do that and I think they make an exception for that in the law, not only in this State but I think that’s true in most jurisdictions. Can I get on the stand and tell the value of a car if I didn’t — if I was involved in an accident and it was the other driver’s car, I cannot give an opinion as to what I think was the fair market value before and after, because that’s not my car and I’ve not laid a basis of my — the basis of my knowledge or expertise in that area. What you’re asking me to do is to allow these Plaintiffs to give an opinion as to property that they’re claiming, but not as yet been determined to be theirs. You’re asking me to jump. Now if I accept the fact that it’s their property, then I can and should allow them to give their opinion, but that has not been determined yet because before we can determine whose property it is, [Gonzales] has the right to do for a share, so that’s why I stated prior to me even bringing the jury in, in the Court’s opinion, we have to determine the value of the estate of *143 Mrs. Gonzales at the time of her death, because they brought in the statutory exemption, which they’re entitled to exercise. I don’t know if I’m making myself clear or not. So if you can give me some fact — some law — not that the owner can give an opinion but that the Plaintiffs are individuals who are claiming the property can give an opinion, because what’s based before me, they’ve stated that that’s an opinion based on sentimental value and they think it’s less than what it’s actually worth but I’ve not allowed that actual exhibit into evidence because of that concern. And there was no testimony solicited from either Plaintiff as far as any particular item. The Plaintiff was relying on that exhibit that I’ve not allowed in because of the objection from the Defense counsel, so to me that’s the issue.
[[Image here]]
“THE COURT: It’s the value. If whether or not someone can give the opinion — the best way I can phrase it is whether or not someone can give an opinion as to property that they’re claiming is theirs.
[[Image here]]
“[Counsel for Gonzales]: Okay. We also know that someone who does not own the property, unless properly qualified, cannot give the value of the property-
“THE COURT: I think that is the law in Alabama.”
Rule 701, Ala. R. Evid., provides:
“If the witness is not testifying as an expert, the witness’s testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness’s testimony or the determination of a fact in issue.”
Section 12-21-114, Ala.Code 1975, provides:
“Direct testimony as to the market value is in the nature of opinion evidence; one need not be an expert or dealer in the article, but may testify as to value if he has had an opportunity for forming a correct opinion.”[1]
In Williamson v. Stephens, 577 So.2d 1272 (Ala.1991), our supreme court considered a case that is substantially similar to the present case. In Williamson, Williamson sued Stephens alleging conversion. 577 So.2d at 1273. Williamson’s son had sold his house at which Williamson had stored some of his personal property. Stephens alleged that he had bought the son’s house “contents and all.” During the trial, Williamson tried to introduce a document that listed the items of personal property he had stored at his son’s house. Williamson had also assigned a value to each item of personal property listed in the document. The trial court would not admit the list into evidence, and it granted Stephens’s motion for a directed verdict[2] on the basis that Williamson had not proven the value of the items he alleged had been *144 converted. Our supreme court cited this court’s previous application of § 12-21-114, Ala.Code 1975, with approval:
“Construing [§ 12-21-114], the Court of Civil Appeals has held that the question of whether a witness has had ample opportunity of forming a correct opinion of the value of an article is a preliminary question for the court; that a determination on that question is largely within the court’s discretion; and that such a determination will not be overturned unless it is clearly unjust. Hamrick v. Daniel, 449 So.2d 1247 (Ala.Civ.App.1984).”
Williamson, 577 So.2d at 1273. Our supreme court held that the list of personal property containing the value determinations should have been admitted into evidence by the trial court. See also 1 Charles W. Gamble, McElroy’s Alabama Evidence § 128.11 (5th ed.1996).
In the present case, the trial court appears to have concluded that as a matter of law Gomez and Delmore cannot testify as to the value of their mother’s personal property because they did not own the property. However, all that is required under § 12-21-114, Ala.Code 1975; Rule 701, Ala. R. Evid., and Williamson is that a person’s testimony as to value be rationally based on their perception or based on an opportunity to form a correct opinion. The evidence, when viewed in a light most favorable to Gomez and Delmore, shows that their testimony was rationally based on their perceptions or that they had an opportunity for forming a correct opinion as to the value of their mother’s personal property because their mother owned some of the property when Gomez lived with her and they both visited their mother’s home on a frequent basis. The manner in which Gomez and Delmore determined the value of their mother’s personal property goes to the weight that will be assigned by the jury but is not a question of admissibility. The trial court erroneously excluded the list of personal property that included Gomez’s determination of the value of the personal property. The judgment is reversed as to this issue, and the case is remanded for further proceedings consistent with this opinion.
Delmore and Gomez also allege that Gonzales wrongfully converted $17,000 in cash found in their mother’s bedroom after her death. The undisputed testimony shows the following occurred with regard to the cash found in the mother’s bedroom. Approximately one week after Delmore and Gomez’s mother died, Gonzales asked Gomez and Gomez’s wife if they would help him clean out her bedroom. Gomez testified that his mother and stepfather had slept in separate bedrooms. While Gomez was cleaning out his mother’s closet, he found “cash at different locations in the closet, in purses, shoe boxes, clothes in drawers.... ” The cash totaled in excess of $17,000 dollars. Once the money was counted, Gomez took Gonzales to the bank and deposited the cash in Gonzales’s bank account. The bank statement admitted into evidence showed that Gonzales actually deposited $34,026.30 on the day Gomez took him to the bank; however, the record is silent concerning the source of the additional cash.
Our supreme court has held:
“To constitute conversion, there must be a wrongful taking or wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse of another’s property. The gist of the action is the wrongful exercise of dominion over property to the exclusion or in defiance of a plaintiffs rights, where the plaintiff has a general or special title to the property or the immediate right to possession. Ex parte *145 SouthTrust Bank of Alabama, N.A., 523 So.2d 407 (Ala.1988).
“Generally, an action will not lie for the conversion of money. However, if the money at issue is capable of identification, then a claim of conversion may be appropriate.”
Greene County Bd. of Educ. v. Bailey, 586 So.2d 893, 898 (Ala.1991).
“ ‘ “[T]rover lies for the conversion of ‘ear marked’ money or specific money capable of identification, e.g., money in a bag or coins or notes which have been entrusted to defendant’s care.” ’ Hunnicutt v. Higginbotham, 138 Ala. 472, at 475, 35 So. 469, at 470 (1903)(quoting from 21 Enc. Pl. & Prac., 1020, 1021). See also Moody v. Keener, 7 Port. 218 (Ala.1838), and Humana of Alabama, Inc. v. Rice, 380 So.2d 862 (Ala.Civ.App.1979), cert. denied, 380 So.2d 86[4] (Ala.1980).
“Money in any form is generally regarded and treated as property, and it is well settled that an action will lie for the conversion thereof, where there is an obligation to keep intact and deliver the specific money in question, and where such money can be identified. Moody v. Keener, supra (money sealed up in a particular letter); Hunnicutt v. Higginbotham, supra ($180 in $20 gold pieces and $102 in paper money which was ‘wrapped up to itself and placed in a safe). In England, it was first held that money could not be converted so as to support an action in trover unless it was in a ‘bag or chest.’ Holiday v. Hicks, 78 Eng. Rep. 878, 900 (1599).
“The requirement that there be ‘earmarked money or specific money capable of identification’ before there can be a conversion has been complicated as a result of the evolution of our economic system.
“Now, in conversion cases, the courts are not confronted so much with a particular piece of money, i.e., a coin or a bill, but with identified or segregated sources from which money has come or types of accounts into which money has been deposited.”
Lewis v. Fowler, 479 So.2d 725, 726 (Ala.1985).
In Covington v. Exxon Co., U.S.A., 551 So.2d 935 (Ala.1989), our supreme court affirmed the directed verdict entered by the trial court against the Covingtons on their claim of conversion. The Covingtons alleged that Exxon had wrongfully converted money due to them under a royalty agreement. Exxon had held the royalty funds, asserting that it was unsure who owned the mineral rights because of an ambiguity in the deed. Our supreme court held:
“[During the time] the royalty funds were held in suspense, the monies attributable to Exxon’s royalty owner accounts were located in numerous banks nationwide. The funds in these accounts are commingled. The Covingtons’ royalty funds were never segregated into a separate account.
“For the foregoing reasons, we conclude that the royalty funds were not sufficiently identified to be converted.”
551 So.2d at 939.
In the present case, the cash that was found in their mother’s room that Delmore and Gomez claim was converted by Gonzales was commingled with other money before being deposited into Gonzales’s bank account. Like the royalty funds in Covington, the $17,000 was no longer “separate money capable of identification.” The trial court did not err in excluding from Delmore’s and Gomez’s claims of conversion the $17,000 found in their mother’s bedroom. The judgment is affirmed as to this issue.
*146 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
CRAWLEY, J., concurs.
PITTMAN, J., concurs in the result, without writing.
MURDOCK, J., concurs in the result in part and dissents in part, with writing, which THOMPSON, J, joins.

. Our supreme court has held that, "pursuant to the express legislative declaration in § 12-1-1, when this Court adopted the Alabama Rules of Evidence effective January 1, 1996, those rules supplanted and superseded any provision of Title 12 of the Code of Alabama 1975 inconsistent with those rules.... ” Schoenvogel v. Venator Group Retail, Inc., 895 So.2d 225, 235 (Ala.2004). We find that § 12-21-114, Ala.Code 1975, is consistent with the Rule 701, Ala. R. Evid., and is therefore applicable.

. Rule 50, Ala. R. Civ. P., as amended in 1995, renamed the "motion for a directed verdict” as a "motion for a judgment as a matter of law” and renamed the "motion for a judgment notwithstanding the verdict” as a “renewed motion for a judgment as a matter of law."